110 So.2d 428 (1959)
A.B. TAFF & SONS, Petitioner,
v.
William R. CLARK and Florida Industrial Commission, Respondents.
No. B-63.
District Court of Appeal of Florida. First District.
March 24, 1959.
Rehearing Denied April 14, 1959.
*429 Barnes & Inman, Orlando, for petitioner.
Carl R. Pennington, Tallahassee, for respondent, William R. Clark, and Burnis T. Coleman, Tallahassee, for respondent, Florida Industrial Commission.
STURGIS, Chief Judge.
The petitioner-employer seeks certiorari to review an order of the Florida Industrial Commission, Workmen's Compensation Division, affirming an order of the Deputy Commissioner which awarded attorney's fees to be paid by the employer for the services of the attorney for the respondent-employee rendered at and prior to the hearing before the deputy, and also to review the award by the commission of a fee to be paid by the employer for the services of employee's attorney before that body incident to its review of the Deputy Commissioner's order.
The issue before the deputy, the commission, and this court is strictly delineated by the following stipulation which was entered at the hearing before the deputy and constitutes the entire action taken before him:
"It is stipulated between counsel, and approved by the Deputy Commissioner, *430 that the Claimant has been fully compensated to date for the injury he sustained while employed by the employer on February 19, 1958, and that in addition, he has been paid interest on delinquent payments in the amount of seventeen cents (17¢) and a 10% penalty on delinquent payments in the amount of $9.90.
"It Is Further Stipulated And Agreed that the sole issue to be determined at this hearing is the amount of the claimant's attorney's fee and against whom that fee should be assessed.
"It Is Further Stipulated And Agreed that the claimant was injured on February 19, 1958; that he received his first compensation check on or about March 5, 1958, and that this covered a period from February 24 to March 2, inclusive; that the claim was filed on April 1, 1958 by the claimant's attorney; that the second compensation check was mailed April 8, 1958 and received shortly thereafter.
"It Is Further Stipulated And Agreed that the payment for hospitalization in the amount of $75.80 was made on March 5, 1958."
The order of the deputy simply embodied and recognized this stipulation and made findings of fact as follows:
"1. That the compensation check mailed April 8, 1958, was received in the due course of the mail.
"2. That it was necessary for the claimant to retain the services of an attorney and that it was partially through the efforts of this attorney that the check mailed on April 8, 1958, was mailed at that time."
Based thereon he made findings of law as follows:
"That the employer and/or carrier is liable to the claimant for a reasonable attorney's fee; and that one hearing was held on the question of attorney's fee only; and that $100.00 would be a reasonable fee for the attorney for the claimant;"
The Full Commission's order affirming the deputy relies on Great American Indemnity Company v. Williams, Fla. 1956, 85 So.2d 619, undertakes to distinguish the facts in the case on reveiw from those in Paul Smith Construction Co. v. Florida Industrial Commission, Fla. 1957, 93 So.2d 735, which cases we will discuss later, and holds
"* * * that the findings of fact of the Deputy Commissioner are supported by competent substantial evidence, which accords with logic and reason, and that said Compensation Order accords with the essential requirements of law, within the meaning of United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741."
It is seen, therefore, that the issue here is precisely limited to the question, in the light of the facts and circumstances recited in the stipulation, of whether there is any basis in law or in fact for the award of the mentioned attorney's fees.
Section 440.34(1), Florida Statutes, F.S.A., provides:
"If the employer or carrier shall file notice of controversy as provided in § 440.20 of this chapter, or shall decline to pay a claim on or before the twenty-first day after they had notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, to be approved by the commission which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase *431 the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct."
To be considered in pari materia therewith is Section 440.18 which provides:
"(1) Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death (a) to the commission (b) to the employer.
"(2) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf or in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf.
"(3) Notice shall be given to the commission by delivering same to it or sending same by mail addressed to its office, and to the employer, by delivering same to him or by sending same by mail addressed to him at his last known place of business. If the employer is a partnership, such notice may be given to any partner, or if a corporation, such notice may be given to any agent or officer thereof upon whom legal process may be served or who is in charge of the business in the place where the injury occurred.
"(4) Failure to give such notice shall not bar any claim under this chapter (a) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or (b) if the commission excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death. Provided, in case the delay in giving notice is so excused, no compensation shall be payable for aggravation of the injury caused by want of `first aid' or proper medical treatment during such delay, and every presumption shall be against the validity of the claim."
It is evident that the notice contemplated by Section 440.18, supra, is separate and distinct from a "claim" as referred to in Section 440.34(1), supra, and from a "claim" as referred to in Section 440.19(1) (a), (c), also to be considered in pari materia and upon which the employer relies, providing as follows:
"(1) (a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.
* * * * * *
"(c) Such claim shall be filed with the commission, and shall contain the name and address of the employee, the a statement of the time, place, nature and cause of the injury or such fairly equivalent information as will put the commission and the employer on notice with respect to the identity of the parties and the nature of the claim."
It is important also to note the use of the word "claim" and the clear legislative intent of Section 440.25(2) which provides:
"Within ten days after such claim is filed the commission, in accordance *432 with regulations prescribed by it, shall notify the employer and any other person (other than the claimant), whom the commission considers an interested party, that a claim has been filed. Such notice may be served personally upon the employer or other person, or sent to such employer or person by regular mail."
The respondent insists, in effect, that the written "notice" required by Section 440.18, supra, is the equivalent of the written "claim" required by and referred to in the other above-quoted sections of Chapter 440 and, a fortiori, that actual notice of injury, as existed here, is the equivalent of actually filing a written "claim" as contemplated by Section 440.19(1) (c), supra. We are unable to accept that argument which neither dispels the clear language of the statutes nor provides a logical explanation for the substantial duplication of the data which Section 440.18(2) requires the employee to furnish in the "notice" of injury with that which Section 440.19(1) (c) requires him to furnish if and when he files a "claim" for compensation. The distinction between the notice and the claim under these separate sections is recognized as having an important practical effect in administering the Workmen's Compensation Law.
Of the many thousands of industrial injuries that occur in occupations covered by that law the great majority are non-compensable. A minor percentage of those initially considered to be non-compensable are subsequently determined to be compensable. The vast majority of those injuries that are compensable are recognized as such and disposed of by the furnishing of mutually acceptable compensation and remedial treatment, with no formal "claim" under the statute ever being filed. This is in keeping with the spirit and intent of the law and has an important bearing on the cost of administering it, as well as being highly conducive to good labor-management relations.
The "notice" provided for by Section 440.18 is administrative in character. It formally alerts the employer and the Florida Industrial Commission to the fact that an injury has occurred and pinpoints certain material facts, including the date of the injury, which may have an important effect upon the subsequent administration of the law to that injury. Significantly, it will be noted that subsection (4) of Section 440.18 states certain exceptions whereunder "failure to give such notice shall not bar any claim under this chapter," thereby plainly recognizing a fundamental difference between the notice of injury to be filed by the employee and the procedure required of him in order to prosecute a claim as a result thereof. The filing of the claim is essential to trigger the right of the employee to any compensation or remedial treatment that the employer does not voluntarily provide, or to have reinstated all or any part of benefits that the employer has voluntarily provided for a while and then discontinued.
Absent the actual payment of compensation or furnishing of remedial treatment by the employer, one of the important aspects of the notice under Section 440.18 is that it accurately fixes the date on which the two-year period allowed for the filing of a claim under Section 440.19 commences to run. The statute calls for the notice regardless of whether compensation is paid or remedial treatment furnished by the employer. The statutory notice does not have the effect of fixing the amount or duration of the benefits, if any, the employee is entitled to receive on account of a compensable injury, nor does it establish a right of the employee to indefinitely continue to receive compensation or remedial treatment that is voluntarily furnished by the employer.
It is provided by Section 440.19(1) (a), supra, that the two-year period during which a "claim" may be filed does not commence to run in those cases where voluntary payment of compensation is made or remedial treatment furnished until the date *433 of the last payment of compensation or the date of the last remedial treatment. Considering this provision in the light of its application to Section 440.34(1), it is clear that no attorney's fee is payable by the employer or its carrier in the case on review because by the latter section the obligation of the employer to pay for the services of the employee's attorney is limited to those instances where the employer or carrier (1) shall file notice of controversy, or (2) shall decline to pay a claim on or before the twenty-first day after they have notice of same, or (3) shall otherwise resist unsuccessfully the payment of compensation.
The temporary furnishing of disability benefits on a voluntary basis does not provide the basis for indefinite future benefits or excuse the employee from the statutory requirement that he file a claim within the statutory period if he seeks benefits other than those voluntarily provided. If a contrary rule should prevail there would be no incentive for the employer to provide benefits to the employee until after "claim" is filed with the Florida Industrial Commission, no matter how meritorious and clear the employee's right to the benefit may appear. This would be so because no matter how firmly he might believe that he had fully complied with his obligations under the law, he could not thereafter terminate the benefits without exposing himself to the imposition of attorney's fees in the event a claim is filed within two years after such termination. It seems clear that if the employer simply refuses to recognize the injury as compensable and thus forces the employee to file a claim for compensation, the statute nevertheless permits the employer to pay the base amount of the claim within twenty-one days after it is filed and thereby avoid liability to pay any fee for employee's attorney. Common sense dictates and the language employed in the statutes clearly confirms that no such illogical result was ever contemplated by the legislature.
The finding of the Deputy Commissioner "that it was necessary for the claimant to retain the services of an attorney," which finding is the sole basis for the Full Commission's order affirming the deputy, is not supported by the stipulation or by the record. While it might have been expedient, as the employee viewed the situation, to retain an attorney in the premises, it by no means follows and there is nothing in the record to reflect that such was necessary. Even had it been necessary for the employee to procure an attorney, the award of fees to be paid by the employer for the services of employee's attorney was, under the stipulated facts herein, clearly erroneous.
It is well recognized that the Workmen's Compensation Law is so administered that formal pleadings, such as attorneys are versed in preparing, are quite unnecessary in order to activate the question of an employee's right to compensation and other benefits under the Act, and that any paper lodged with the commission indicating a probability that the employee has not received such compensation or benefits is treated as a "claim" and processed as such in the same manner as if it were filed with all the niceties of expert legal attention. The deputy's finding that it was partially through the efforts of employee's attorney that the check in full payment of the claim, that was mailed by the employer within twenty-one days after the claim was filed, "was mailed at that time" is evidently predicated on the inference that had the claim not been filed when it was, the check might not have been mailed until a later date. This "if/but" reasoning is of no consequence because the payment, which included all statutory penalties exacted for delay, was actually made within the statutory period of twenty-one days after the filing of the claim, and that alone operated to relieve the employer for liability to pay for the services of employee's attorney.
Bearing in mind that it was necessary to resolve the issue of attorney's fees strictly within the orbit of the stipulation, we deem it appropriate to comment on the following excerpt from the order of the Full Commission *434 by which it undertakes to support its conclusion affirming the deputy:
"Thirty days after compensation was suspended, and 51 days after the date of the injury, claimant contacted an attorney who filed a claim in order to force the employer to resume payments of workmen's compensation benefits."
While such is the purpose for filing a claim in any case, there is nothing in the stipulation to indicate that the employer became advised, between the date of the termination of the payments initially made and the filing of the claim, that the employee was dissatisfied with the discontinuance of payments; and for aught that appears to the contrary the employer, if so advised, might have recommenced payments, though he was under no compulsion to do so, and thus avoided the filing of the claim. The essential fact is that such initial voluntary payments did not ipso facto establish a right in the employee to continue to receive them or cast any burden on the employer dehors the statute for having elected, with or without notice or furnishing of reasons to the employee, to discontinue the same. If any such burden is to be imposed, it is for the legislature to do so. This court should not and will not by judicial fiat assume that prerogative. Moreover, we are convinced that thus far the legislature has not attempted to penalize the good Samaritan who voluntarily makes some payments, even though insufficient, nor has it attempted to reward the procrastinator who, if respondent's position were tenable, would simply abide the filing of the claim. The need of the employee for the benefits under the law is often a very present and urgent need. A strained construction of the law could readily deter the enjoyment of those benefits.
We are not unmindful of the fact, as recognized by the statute, that there comes a time when the services of an attorney are essential to the protection of the employee's interest, and we have a lively interest in the proper compensation of attorneys for their services. Except when provided by statutory law or contract, however, attorney's fees are payable by him who engages the service. The fields in which attorney's fees are provided for by statute are few, and they are allowed generally in the nature of a penalty. In some areas, such as in matters involving War Risk Insurance, the amount of the fee chargeable by contract is limited. We take notice of the fact that despite the provision of the statute regarding the content of a claim for compensation under the Workmen's Compensation Law, in actual practice a simple letter to the commission advising of claimant's belief that he is entitled to compensation is treated as a claim and activates the processing of the matter as such. Under the applicable law no attorney's fee is assertable against the employer for the performance of the simple act of filing a claim by the employee.
We think this case is controlled by Paul Smith Construction Co. v. Florida Industrial Commission, Fla. 1957, 93 So.2d 735, 737, in which the only point involved was the correctness of the award of attorney's fees under the statute. In that case the claimant was voluntarily provided medical aid and paid compensation until he was discharged by his doctor and returned to the performance of admittedly "light work" as contrasted to his previous type of work, and was paid the same salary he received prior to injury. Thereafter the employer through its servicing organization procured from the attending physician a written report reflecting that the employee would suffer a twenty percent partial disability of his leg. Four days later the employee through his attorney filed with the commission a claim for compensation for disability to the extent of twenty percent of the body as a whole. Seven days thereafter the attending physician filed his final report certifying the twenty percent permanent partial disability of the leg and two days later the employer commenced payment of compensation on that basis and this was accepted as proper compensation. In granting certiorari and *435 reversing the order of the Full Commission which affirmed the order of the Deputy Commissioner allowing a fee for the services of employee's attorney in connection with filing the claim, Mr. Justice Thornal, speaking for the court, said:
"We are thoroughly cognizant of the beneficient objectives of Workmen's Compensation Acts. We recognize that one of the motivating inducements to the enactment of this legislation is to relieve society of the burdens of caring for injured workmen and to place the responsibility on the industry served. We do not feel, however, that the liberal construction to be placed upon the Act justifies expanding it to the point where it becomes unreasonably burdensome to industry or actually stultifies the accomplishment of its objectives.
* * * * * *
"Perhaps a stronger precedent to support the position of the petitioner is Balatsos v. Nebraska Ave. Cafe & Liquor Store, 159 Fla. 71, 30 So.2d 633. We there held that where the insurance carrier did not deny liability but used the time between the notice of claim and the first hearing to make needful investigations of the claim, and in the meantime the employer paid to the claimants the full amount of the injured employee's salary, then the award of an attorney's fee against the carrier was not justified. We there further held that the employer or carrier should have a reasonable time within which to investigate the claim. Logically that is the reason why the statute itself provides a period of twenty-one days within which the employer is permitted either to dispute the claim or admit it. If during that period he admits the claim and begins compensation, he is not subject to the penalty of having to pay an attorney's fee."
In the cited case the Industrial Commission relied, as it does here, on the opinion in Great American Indemnity Co. v. Williams, Fla. 1956, 85 So.2d 619, but the Supreme Court held that it was not precedent for the order under attack. The same is true of the case on review. See the test of the Paul Smith Construction Co. case (93 So.2d at page 737) for a discussion of the distinction between the Williams case and the case of Balatsos v. Nebraska Ave. Cafe & Liquor Store, 159 Fla. 71, 30 So.2d 633. While these cases discuss the factor that a salary was being paid in lieu of compensation, that circumstance in itself makes the situation against the employer much weaker than that presented by the case on review, for here the employer has done nothing prior to the filing of the claim to indicate a recognition of liability to make additional voluntary payments on account of the injury nor, as we have noted, is it indicated that any notice existed to the effect that the disability was not removed. Again, we repeat that these considerations are beside the point in the face of the clear statutory provision which fixes the specific time, with no exception, within which the employer may, after the filing of a claim, do those things which will purge him of liability to pay attorney's fees for the employee.
The case of Great American Indemnity Company v. Williams, supra, is distinguishable from the instant case in several important aspects. In the Williams case the insurance carrier by letter advised the Industrial Commission of its willingness to pay the compensation, thus obviating the necessity to file a "claim" for the usual purpose of establishing a right to compensation. The carrier's letter asked the Commission to make an investigation to determine decedent's beneficiaries to whom the compensation should be paid, but the Commission was under no compulsion to make such inquiry and refused to do so. Several months transpired during which the carrier took no formal action to pay the admitted claim or to relieve itself of the consequences of such failure. It was not until then that persons entitled to the fund took legal steps through an attorney to have it paid to them. In rejecting *436 the contention of the carrier that it had not declined to pay compensation within the meaning of the statute and that it was only awaiting a determination as to whom the payment should be made, the Supreme Court, speaking through Mr. Justice Terrell, said:
"In our view the letter from the carrier * * * advising that it stood ready and willing to pay compensation was not such a compliance with the requirements of the Act as would avoid invoking its requirement to pay the claim. The pertinent part of the said statute as applied to this case is that the carrier did decline to pay a `claim' on or before the 21st day after they had notice of same. Willing to pay `compensation' is not the same as willing to pay a specific claim." [85 So.2d 622.] (Emphasis supplied.)
The words "decline to pay a `claim' on or before the 21st day after * * * notice of same" as used in the above quotation from the opinion tracks the language of the statute, and the word "same" as used therein can have no application than to the preceding noun "claim". The law abhors useless procedures. The result might have been quite different in the Williams case if the insurance carrier, within the period of twenty-one days after the filing with the Commission of its letter acknowledging liability, had taken appropriate steps to relieve itself of liability to pay attorney's fees for the services of the attorney representing the persons entitled to the fund. Three avenues were available: (1) To make its own investigation within that period and pay the proceeds to the persons entitled; (2) to initiate a bona fide proceeding with the Industrial Commission for the purpose of having it specify the individuals so entitled; (3) to pay the funds into the registry of a court of chancery incident to a proceeding of interpleader for the purpose of having the same distributed to those entitled. It is apparent that neither the Deputy Commissioner, the Full Commission, nor the Supreme Court took kindly to the "do nothing" approach by which the carrier sought to both retain the fund in its coffers and avoid payment of attorney's fees.
The respondent argues and we agree that the legislative intent was that the Workmen's Compensation Law was to be self-executing and that benefits were to be paid without the necessity of any legal or administrative proceedings. We go the further step and recognize that the legislative intent was not to make compliance with the law so burdensome as to make it economically impossible to live under it. In so holding, we do not relax in any degree the rule that the employer is required to strictly comply with the law.
Certiorari is granted and the orders of the Full Commission and of the Deputy Commissioner are quashed.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.