ROBERTS, Acting Chief Justice.
This is a petition for writ of certiorari to review an order of the Full Commission which vacated an order of a deputy commissioner dismissing a claim for lack of jurisdiction.
Carl R. Oliver filed, through his attorney, a claim for compensation for an accident alleged to have occurred on April 20, 1955 while claimant was employed by petitioner, the Florida Telephone Corporation. A claim was filed November 13, 1956, and was ultimately dismissed without a hearing on October 10, 1957 upon motion by the employer and carrier, and upon the advice by claimant’s attorney that there was “no case”. Neither the claimant nor his attorney appeared at the two hearings set to consider the claim, nor does the record reveal any motion for continuance by the claimant, nor request to proceed with the hearing by the employer-carrier. On December 29, 1957 claimant wrote a letter erroneously directed to the state treasurer asking that his case be reopened and complained that his cause had not been properly prosecuted. The treasurer promptly transmitted the letter and its enclosures to the Florida Industrial Commission which considered it a re-filing of the original claim. The Commission referred the matter to a second deputy who set a hearing for December 22, 1959. On December 31, 1959 the claim was dismissed, the deputy treating the order of dismissal, dated October 10, 1957, as final because it had not been appealed within 20 days. Upon appeal the Full Commission held that there had been no adjudication on the merits; that the refiled claim was timely; vacated the order of the deputy dated December 31, 1959; *886 and remanded the cause for a hearing on the merits.
We first consider whether the Full Commission correctly considered the letter dated December 29, 1957, which was sent to the state treasurer and by him referred to the Full Commission as a reopening of the claim within the three-year period of limitations then in effect. We hold that the letter was a re-filing of the original claim by the claimant himself which actually was transmitted to the Commission and which satisfied the requirement that “any paper lodged with the commission indicating a probability that the employee has not received such compensation or benefits is treated as a ‘claim’ and processed as such in the same manner as if it were filed with all the niceties of expert legal attention”, A. B. Taff and Sons v. Clark, Fla.App., 110 So.2d 428, at page 433; see also Port Everglades Terminal Co. v. Canty, Fla., 120 So. 2d 596. The re-filing also saved for claimant his right to have an adjudication on the merits of his claim inasmuch as it was filed within three years after the time of injury as required by the Florida Statutes (1955), Sec. 440.19(1) (c), F.S.A. The application of the statute of limitations in such instances is ably discussed in Waiter Denson and Son v. Nelson, Fla., 88 So.2d 120 and in Robinson v. Johnson, Fla.App., 110 So.2d 68*
The deputy commissioner’s order of dismissal for want of prosecution dated October 10, 1957 was not an adjudication on the merits in a workmen’s compensation case and therefore application of the 20-day appeal time was improper. Had the petitioners desired to present their case at the hearing, the fact that claimant failed to appear was no bar to their proceeding before the deputy unless the deputy commissioner for good cause shown had granted a continuance.
Indeed, it would appear inappropriate for the deputy commissioner, in the absence of good cause shown, to arbitrarily continue a hearing if and when the employer-carrier had produced their witnesses and prepared for trial with the customary expense and inconvenience, and particularly where such witnesses may not be available for a hearing scheduled entirely at the convenience of the claimant. We do not condone the indolent attitude of a claimant or his attorney who, without justification or excuse, fails to appear for a hearing, thereby subjecting the deputy commissioner, the witnesses and other involved persons to the inconvenience necessarily incurring. Had the deputy commissioner proceeded with the hearing after due notice to the claimant and his attorney, but without them because of their failure to appear, and then disposed of the matter on such testimony as was available, a different situation would prevail here. However, in view of the record before us, the first order of dismissal was without prejudice, the claim was re-filed within the then existing three-year statute of limitations, and the claimant is now entitled to an opportunity to appear and prosecute such claim as he may have.
Accordingly, the order of the Full Commission remanding the cause to the deputy commissioner for further proceedings was correct and the petition for certiorari is denied.
It is so ordered.
DREW and THORNAL, JJ., STURGIS, District Court Judge, and WILLIS, Circuit Judge, concur.

 See Chapter 57-192 appearing as Sec. 440.19(1) (a) for modification of the 1955 Statute of Limitations.