DREW, Justice.
Petition for writ of certiorari is here directed to an order of the Industrial Commission involving the sufficiency of a letter from claimant’s counsel to constitute a claim.
The claimant was injured on March 30, 1959, and filed an initial claim by his attorney on July 28, 1960. Order of dismissal was on August 29, 1960, duly entered upon request of claimant, for purposes of facilitating disposition of an action at law arising out of the same circumstances. By letter of March 22, 1961, new counsel made specific reference to the first claim by the number assigned to the file and advised the Commission that he was representing the claimant in the compensation matter as follows: “With respect to the above matter, this is to inform you that I am representing the claimant and desire to have the matter set down for hearing.”
Under principles fully discussed in earlier opinions [1] the Commission found, upon appeal from an adverse ruling of the deputy, that the quoted language was adequate to state a claim anew, remanded the cause for determination on the merits, and awarded attorney’s fees in connection with the appeal.
The order, in our opinion, properly disposed of the dispute. The situation presented no issue with respect to and no necessity for reviver of the former claim.[2] Instead, the letter in question adequately and properly, we think, incorporated by reference all essential information and procedural matters detailed in the record of *722 that claim. The writ should accordingly be denied.
It is so ordered.
ROBERTS, C. J., and THORNAL, O’CONNELL and CALDWELL, JJ., concur.

. A. B. Taff & Sons v. Clark, Fla.App. 1959, 110 So.2d 428; Port Everglades Terminal Co. v. Canty, Fla.1960, 120 So. 2d 596.

. F.S. Sec. 440.19(1) (a), F.S.A.: “The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed 'within two years after the time of injury * *