ERVIN, Chief Justice
(dissenting) :
Petitioner John O. Troyer sustained a compensable injury which required subsequent treatments. The sole issue at the various stages of the proceedings is whether letters written by the claimant to the Florida Industrial Commission constitute a claim within the meaning of F.S. Sections 440.13(3) and 440.19, F.S.A., and was therefore timely filed.
Initially, petitioner wrote an inquiry to the Florida Industrial Commission on September 16, 1960 asking it for advice. The dispute arises over the second letter of March 17, 1961, in which claimant states, “I would, therefore, like to file claim for additional compensation which, according to your letter, I might be entitled.” The Florida Industrial Commission sent him forms to complete, but claimant never filled them out or sent them in.
*190 The Judge held that the March 17, 1961 letter constituted a claim. The Florida Industrial Commission reversed, holding that it was only an inquiry for information and the fact that the claimant did not complete the forms which were sent to him constitutes a failure on his part to prosecute his claim.
Claimant’s letter dated September 16, 1960, addressed to the Commission, recites the name of the employer; that claimant was injured on the job, and that his medical expenses in connection with spinal surgery were provided by the carrier; that on July 20th, after nine years with employer, he was fired as a supervisor with no explanation; that later his employer gave him certain reasons for his termination, one being “he was worried about keeping me [claimant] because of insurance.” Then claimant explained his difficulty in securing employment because of his previous spinal surgery. He concluded by saying, “I would appreciate very much your reviewing my case and advising me as to what steps I might take to find what can be done.” In his second letter of March 17, 1961, claimant advised he had secured employment with another employer but was only receiving $100.00 per week. He concluded his letter as follows:
“I am pleased with my position at Instrument Corporation and very grateful for their giving me the opportunity to join their organization as a buyer. However, since my salary is $100 per week in comparison to the $145.00 a week which I was earning at the time of my injury, my earning power has been considerably decreased. I would, therefore, like to file claim for additional compensation which, according to your letter, I might be entitled.
“I would appreciate very much your advising me as to proper procedure in filing.”
These letters contained all the information necessary to lodge an informal claim with the Commission. The intent to make a claim was clear and appears to have been consummated. The Judge of Industrial Claims found it was sufficient. There was no reasonable basis to dismiss the letter claim.
It appears to me that claimant’s letters were sufficient to present his claim without supplementation of additional form information. It was so found and treated by the Judge of Industrial Claims. The employer-carrier was prejudiced in no way by the claim being presented in letter form. All parties had a full and comprehensive hearing before the Judge on the merits of the claim.
Technical objections of the kind here relied upon by the Commission to dismiss the claim are contrary to the liberal administrative spirit of the Workmen’s Compensation Act. In A. B. Taff & Sons v. Clark (Fla.App.), 110 So.2d 428, it is stated:
“It is well recognized that the Workmen’s Compensation Law is so administered that formal pleadings, such as attorneys are versed in preparing, are quite unnecessary in order to activate the question of an employee’s right to compensation and other benefits under the Act, and that any paper lodged with the commission indicating a probability that the employee has not received such compensation or benefits is treated as a “claim” and processed as such in the same manner as if it were filed with all the niceties of expert legal attention. * * *» 433.) (Emphasis supplied.)
I would quash the order of the Commission and reinstate the order of the Judge of Industrial Claims.