BOYD, Justice.
These consolidated cases are before us on petition for writ of certiorari by Hanover Insurance Company seeking reversal of the order of the Florida Industrial Relations Commission filed April IS, 1969, affirming an award of compensation benefits to the widow and children of deceased employee, A. J. Blash, and on petition for writ of prohibition to prevent the Industrial Relations Commission from exercising jurisdiction over the Hanover Insurance Company in connection with this claim.
The employee Blash was killed on December 1, 1966, when an asphalt truck he was filling exploded on the Island of New Providence in the Bahama Islands. At the time of Blash’s death, his employer, Wes Hem, Inc., had two insurance policies: one, a standard workmen’s compensation policy issued by United States Fidelity & Guaranty covering Wes Hem’s employees and employees of various sister corporations engaged in the production and sale of asphalt, including the Brewer Company of Florida; and two, a policy issued by Hanover Insurance Company titled “Standard Workmen’s Compensation and Employer’s Liability Policy,” purporting to cover injury or death by industrial accident to American nationals employed by Wes Hem, Inc., in the Bahamas.
Prior to the accident in question, the insurance agent who had arranged insurance coverage mentioned above, contacted officers of Wes Hem and pointed out that because some of its employees worked outside the United States in the Bahama Islands, additional insurance should be purchased from Hanover specifically covering any injury or death which might occur while employed by Wes Hem in the Bahama Islands, with specific coverage of “All operations of the insured’s U. S. citizen employees hired in Florida in connection with operation of asphalt plant mounted on barge, foot of Bay Street, Nassau, Bahamas.” Testimony indicated that the additional policy was obtained to make sure that workmen’s compensation benefits as contemplated by Florida law would be available to employees working in the Bahamas, should it be determined that United States Fidelity & Guaranty was not liable under its policy.
Evidence showed that the employer, Wes Hem, was based in the State of Florida and its principal office was in Miami. All of the salary checks paid to the employees were issued and generally delivered to the employees, including the deceased, in the City of Miami. The employee resided in Miami. He was hired by Wes Hem in Miami. Although the overwhelming majority of the work done by the employee for Wes Hem was in the Bahama Islands, testimony revealed that once or twice each week the employer provided air transportation for the employee Blash to visit his family in Miami and on these occasions Blash would take back with him for repair, mechanical parts of equipment to be used by his employer at New Providence Island. The Judge of Industrial Claims found that a portion of the work was performed in the State of Florida and that the Florida Workmen’s Compensation Law was applicable, under Florida Statutes § 440.09(1), F.S.A.:
“Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer’s place of business is in this state or if the residence of the employer is in this state, provided, his contract of employment was *663 not expressly for service exclusively outside of the state.”
United States Fidelity & Guaranty contended that it was not liable because the work was done in the Bahama Islands and because at the time of his death the employee was actually rendering service for Bahama Road Builders, a Bahamian corporation. Hanover Insurance Company contended that it was not liable because the employee was actually in the service of Bahama Road Builders and the Hanover policy was a “private policy” not filed with the Industrial Commission. Because the testimony clearly indicated that a part of the work was done in the State of Florida and that all salary checks were paid by Wes Hem, Inc., the Judge of Industrial Claims correctly found that the said deceased was an employee of Wes Hem, Inc., at the time of his death. It is true that the deceased was driving a truck for the Bahama Road Builders at the time of the accident but the Judge found that he was under the control and direction of Wes Hem, Inc.
A careful study of this complex record and the laws relating thereto leads this Court to the conclusion that United States Fidelity & Guaranty is also liable for compensation benefits under the workmen’s compensation policy issued to Wes Hem, Inc., since the contract between Blash and Wes Hem “was not expressly for services exclusively outside of the state.” Hanover Insurance Company issued the policy for the specific purpose of granting coverage to the employer for possible liability arising out of the employment in the Bahama Islands and because the factual situation here met the requirements contained in Florida Statutes § 440.09 for coverage under Florida law. The Hanover Insurance Company would have been liable had there been no United States Fidelity & Guaranty policies. For the above reasons, this Court is of the opinion that both companies are liable and should jointly and equally pay any and all benefits due to the respondents herein.
Petitioner’s contention that the pol-licy of insurance issued by it to Wes Hem was not intended to be a standard workmen’s compensation insurance policy subject to the jurisdiction of the Florida Industrial Relations Commission, is without merit and prohibition is accordingly denied.
With respect to the ten per cent (10%) penalty imposed by the Florida Industrial Relations Commission against Hanover Insurance, it is our opinion that the complicated nature of the cause and the pleadings herein are such that the penalty should not be imposed and that aspect of the order of the Industrial Relations Commission is quashed.
Accordingly, the order of the Industrial Relations Commission is affirmed in part and quashed in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C. J., and ROBERTS and CARLTON, JJ., concur.
DREW, J., dissents in part and concurs in part with opinion.