ERVIN, Chief Justice
(dissenting).
I am unable to agree to the foregoing opinion.
The Florida Industrial Commission was cognizant of the self-insurer indemnity agreement entered into by the forestry products employers for the maintenance of a Forest Products Self-Insurers Fund for workmen’s compensation benefits for their forestry products employees in Alabama, Georgia, and Florida (including employee herein), and permitted the indemnity agreement to be filed with it and required the employers to post a bond with it to secure performance of the self-insurer arrangement. At no time prior to claimant’s industrial accident did it disavow the Fund arrangement or insist that it be modified to exclude the out-of-state employees.
Respondent, Corporate Group Service, Inc., of Orlando, Florida (carrier) administered the Fund for the forestry products employers, collected premiums from employer for its participation in the Fund, and for a time paid medical expenses of claimant and disability benefits to him for his compensable injury.
The employer agreed in this case that claimant was covered by the Fund but Corporate Group Service, Inc., as carrier administering the Fund, controverted the claim on the technical ground claimant was not employed to work in Florida and was not injured in the course of his employment in Florida, relying on Section F.S. 440.09(1), F.S.A., which is the basis for affirmance of the Industrial Commission in the majority opinion.
It is quite obvious the above transactions estop the Fund from disclaiming workmen’s compensation liability on its part. In the face of the related circumstances, the controversion of the claim is a striking example of inconsistency.
Moreover, the Florida Industrial Commission, having permitted the filing with it of the indemnity agreement, thereby giving the forestry products employers’ self-insurer arrangement the standing of official *158 recognition pursuant to F.S. Section 440.57, F.S.A. and requiring the posting of a bond to insure the Fund’s performance, is in an inconsistent position in later rejecting the claim.
Even if estoppel does not lie against the Commission by reason of its related conduct, F.S. Section 440.09(1), F.S.A., must be read in connection with F.S. Section 440.04(3), F.S.A., to the effect that contracts of insurance that provide workmen compensation benefits for persons “excluded * * * from the operation” of Chapter 440, F.S. (the Florida Workmen’s Compensation Law), shall nevertheless be deemed to cover such persons. To provide equal treatment, the same rule would apply to the self-insurer arrangement considered herein.
It is a sad commentary on the law that a workman should be made the victim of the inconsistent “blowing of hot and cold” exhibited in this case by the carrier. Our Industrial Commission should not sanction a narrow construction of our law to permit this untoward result, inasmuch as it did not disavow the arrangement providing benefits for out-of-state employees prior to claimant’s injury and timely require modification of the arrangement to indicate their exclusion.
In our decisions in Butler v. Allied Dairy Products (Fla.), 151 So.2d 279, and Blair v. Edward J. Gerrits, Inc. (Fla.), 193 So.2d 172, we were unwilling to allow technical constructions relating to out of the state employment of the kind relied on here to override the policy considerations and social interests implicit in the application of the Florida Workmen’s Compensation Law. We recognized in those cases that estoppel and waiver doctrines are applicable and that our compensation law is not so inflexible as to sanction a harsh and unreasonable result contrary to equitable principles. See Larson, The Law of Workmen’s Compensation, §§ 84.30, 86.00, 87.00, 87.15. Compare Hanover Ins. Co. v. Blash et al., Fla., 234 So.2d 661, opinion filed April 22, 1970.
The rejection of the claim on the basis that it was barred by the statute of limitations is without merit. Claimant’s attorney had directed an inquiry to the Florida Industrial Commission sufficient to indicate the nature of his claim and officially lodge it with the Commission prior to the expiration of the limitation, satisfying the requirements of our law as construed in A. B. Taff & Sons v. Clark (Fla.App.), 110 So.2d 428, and Florida Telephone Corp. v. Oliver (Fla.), 126 So.2d 885.
CARLTON, J., and MANN, District Court Judge, concur.