247 So.2d 35 (1971)
Joffre E. TURNER, Petitioner,
v.
KELLER KITCHEN CABINETS, SOUTHERN, INC., Liberty Mutual Insurance Company, and Industrial Relations Commission, Florida Department of Commerce, Respondents.
No. 40189.
Supreme Court of Florida.
April 14, 1971.
*36 Anthony I. Provitola, of Provitola, Vaughen & McDermott, DeLand, for petitioner.
Paul Smalbein, of Sands, Smalbein, Eubank, Johnson & Rosier, Daytona Beach, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
CARLTON, Justice.
In this workman's compensation case, we are to decide whether a letter, written by claimant's wife, and addressed to the State Treasurer but transmitted in time to the Industrial Relations Commission, can constitute a claim when the letter presents facts sufficient to state a claim, but also asks for advice. The Judge of Industrial Claims held that the letter created a claim and tolled the statute of limitations, but the Industrial Relations Commission reversed, stating that the letter was merely one of inquiry. Through our decision today, we quash the Order of the Commission and remand the cause for further proceedings on the merits.
Petitioner-claimant Turner sustained injuries in September, 1965, when his place of business was engulfed in flames. His employer, respondent here along with the carrier, voluntarily furnished total temporary disability payments from the time of the accident to December 8, 1966. Authorized remedial care and treatment were voluntarily continued until July 15, 1966. Claimant's first attorney filed a claim in his behalf in February, 1966, and a hearing was set for May 20, 1966. However, on May 11, claimant's attorney informed the Commission by letter that he wished to withdraw the claim and have the hearing cancelled. The Commission complied with the request without entry of a formal order. This action was subsequently discussed by claimant and his attorney, and claimant accepted the withdrawal without objection.
On December 7, 1966, approximately six months after claimant received his last authorized treatment, Mrs. Turner, claimant's wife, wrote to the State Treasurer as follows:
"I would appreciate some information about insurance.

*37 "My husband was working at Keller Kitchen when it burned the 29th of September of '69. He was the last one pulled out alive. He stayed in the hospital two weeks. Two weeks prior to the fire, he suffered a heart attack. He was out of work a week. He went back to work on Monday, the fire [was] on Wednesday. Doctor Wells treated him and has said that the only job Joffre can hold is an office or supervisor and he doesn't have the education for either. But the Liberty Mutual cut him off December 1, 1965 without even notifying him.
"Joffre has applied any number of times for a job and can not pass the physical.
"After he was in the fire he has become a diabetic. I don't know if it was due to the fire or not, he never had it before.
"I was told that as long as he wasn't able to work that he was supposed to receive compensation. We asked the man from Liberty Mutual and he said no.
"The doctor at Keller Kitchen is Doctor John Collette of DeLand, Florida.
"Would it be asking too much to see if there is anything you can do, and let me know if we have any claim or not."
The State Treasurer's office informed Mrs. Turner that her letter was being forwarded to the Industrial Commission. By letter dated January 17, 1967, the Commission acknowledged to Mrs. Turner that her letter had been received. The Commission informed her that her husband's attorney had asked that the hearing be cancelled along with the claim. It was suggested that if claimant thought himself entitled to additional benefits, he should return to his attorney for advice.
The Commission did not hear from claimant or his wife again until December 3, 1969, when it received a claim filed by claimant's second attorney. This claim came on for hearing on January 9, 1970. The paramount issue was whether the statute of limitations provided by Fla. Stat. § 440.19(1) (a), F.S.A. and Fla. Stat. § 440.13(3) (b), F.S.A. had run on the claim. The employer and its carrier contended that the claim was barred because it was not refiled within eight months of May 20, 1966, the original hearing date; for this argument, they relied upon their interpretation of Section (a) of Rule of Procedure No. 3. In the alternative, respondents argued that more than two years had passed since the last remedial treatment authorized, and, therefore, the statute of limitations applied; in making this latter argument, respondents took the position that Mrs. Turner's letter did not constitute a claim.
The Judge of Industrial Claims ruled that the letter from claimant's first attorney did eliminate the first claim even though no formal Commission order of dismissal was entered; this being so, the current proceedings were not a continuation of the first claim. Additionally, the Judge ruled that the statute of limitations would have run on the second claim as well, were it not for the letter written by Mrs. Turner, which was transmitted to the Commission. This letter, the Judge determined, was sufficient to constitute a new claim under the authority of A.B. Taff & Sons v. Clark, 110 So.2d 428 (1st D.C.A.Fla. 1959), and Florida Telephone Corporation v. Oliver, 126 So.2d 885 (Fla. 1961). It was timely filed since received by the Commission within two years after the last remedial treatment.
The Full Commission agreed that the letter from claimant's first attorney effectively withdrew the initial claim even though no Commission Order resulted; and further, it agreed that the statute of limitations barred pursuit of the initial claim. But the Commission held that Mrs. Turner's letter did not constitute a claim. It determined instead that under its previous holding in Troyer v. Burnup & Sims, Decision No. 2-1794 (1968), cert. denied, 222 So.2d 188 *38 (Fla. 1969), the letter was merely an inquiry which would not toll the running of the limitations' statute.
We agree with the Judge of Industrial Claims and the Commission that the first claim was effectively withdrawn. We note that claimant was subsequently apprised of this withdrawal and that he raised no objection. But although we denied certiorari in the Troyer case, with one Justice in dissent, we are of the view that the Judge of Industrial Claims correctly found that Mrs. Turner's letter stated a claim. Before discussing the status of the letter, certain preliminary issues need to be resolved.
Since the initial claim was withdrawn without adjudication on the merits, we find that it was subject to renewal by timely action. A similar situation arose in Florida Telephone Corporation v. Oliver, 126 So.2d 885 (Fla. 1961). A claim lodged with the Commission was dismissed on the motion of the employer and carrier without resistance by claimant's attorney. Subsequently, claimant wrote to the State Treasurer and asked that the claim be reopened since it was not properly prosecuted. The Treasurer's office transmitted the letter to the Industrial Commission. The claimant was then asked by the Commission if he wanted his cause set for hearing; he responded affirmatively and a hearing was held. The Deputy Commissioner ruled that the cause should be dismissed since the original dismissal was not contested within the time allowed for appeals. The Industrial Commission reversed saying that since no adjudication had occurred on the merits, a refiling was permissible. On certiorari review, we upheld the Commission: so long as the claim letter had actually been transmitted to the Commission and no previous adjudication had been made, the claim could be refiled if within the statute of limitations. Cf., Superior Home Builders v. Moss, 70 So.2d 570 (Fla. 1954). Similarly, in the instant case we find that transfer of the letter by the Treasurer's Office effectively lodged the paper with the Commission as of the date of its receipt by the Commission; we also find that a refiling of the claim was possible since no previous adjudication had occurred.
Now to the central question. In examining the status of Mrs. Turner's letter, we turn first to prior cases in which the format of claims have been discussed. A.B. Taff & Sons v. Clark, supra, was a workman's compensation case in which the Court was concerned with the propriety of attorney fees assigned below. The form of the claim filed was not in issue. In discussing whether it was necessary or only expedient for the claimant to have utilized the services of an attorney, the Court observed that:
"It is well recognized that the Workmen's Compensation Law is so administered that formal pleadings, such as attorneys are versed in preparing, are quite unnecessary in order to activate the question of an employee's right to compensation and other benefits under the Act, and that any paper lodged with the Commission indicating a probability that the employee had not received such compensation or benefits is treated as a `claim' and processed as such in the same manner as if it were filed with all the niceties of expert legal attention." 110 So.2d at 433.
And again, at page 434 the Court said:
"We take notice of the fact that despite the provision of the statute regarding the content of a claim for compensation under the Workmen's Compensation Law, in actual practice a simple letter to the Commission advising of a claimant's belief that he is entitled to compensation is treated as a claim and activates the processing of the matter as such."
In a subsequent compensation case involving fees emanating from this Court, we repeated the language set out above as indicating that in practice a simple letter advising the Commission of a claimant's belief that compensation was due was sufficient *39 to initiate a claim; see Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960). This language was again repeated in Florida Telephone Corporation v. Oliver, discussed supra, in regard to the claim refiled by the claimant on his own initiative. A reading of the Taff, Port Everglades and Florida Telephone decisions indicates that any paper lodged with the Commission indicating a probability that the employee has not received compensation or benefits is treated as a claim. See also Gamage v. Reeks, 142 So.2d 721 (Fla. 1962).
This indication is supported by the applicable portions of the Workmen's Compensation Law. Rule of Procedure No. 12, which restates Fla. Stat. § 440.19(1) (c), F.S.A. relating to claims, states:
"Claims for compensation shall be filed with the Commission, and shall contain the name, social security number, and address of the employee, the name and address of the employer, and a statement of the time, place, nature and cause of the injury or such fairly equivalent information as will put the Commission and the employer on notice with respect to the identity of the parties and the nature of the claim. Such claim may be made on the form prescribed therefor by the Commission, but any claim in writing setting forth substantially the information required by this regulation shall constitute a valid claim." (Emphasis supplied.)
In Troyer v. Burnup & Sims, supra, which was relied upon by the Commission below, a claimant wrote to the Commission and said that he was having difficulty maintaining employment. The Commission responded with a suggestion that claimant might wish to apply for a higher level of compensation than he was receiving at that time. Claimant replied through a letter, stating: "I would, therefore, like to file claim for additional compensation which, according to your letter, I might be entitled. I would very much appreciate your advising me as to the proper procedure in filing." In turn, the Commission responded with a letter saying: "We are enclosing herewith the necessary forms for filing a claim for compensation and for making application for a hearing."
For over six years nothing more was heard from claimant until his attorney filed an application for hearing in his behalf. The issue at the ensuing proceedings was whether or not claimant's letter stating that he wished to file a claim actually constituted a claim. The Judge of Industrial Claims said that letter was sufficient but the Commission reversed, stating that: "We believe that the claimant's letter constitutes only an inquiry for information and the fact that the claimant did not complete the forms which were sent to him constitutes a failure on his part to prosecute his claim."
On reconsideration of this issue, we think that the pre-Troyer decisions of A.B. Taff & Sons v. Clark, Port Everglades Terminal Co. v. Canty, and Florida Telephone Corporation v. Oliver, supra, announce the preferable result. Rule of Procedure No. 12 and Fla. Stat. § 440.19(1) (c), F.S.A. make it clear that although certain items of information are essential, the requirements of a claim are satisfied when information is presented sufficient to indicate a probability that a claim may be warranted. It should be remembered that what we are concerned with here is an announcement of intention sufficient to toll the running of the statute of limitations; whether a claim is actually proper or valid is a matter that must await the hearing process. When a claimant describes a situation indicative of a probable claim, we do not believe that the intention to make known a plight should be defeated because the unskilled claimant has penned the fatal closing line, "Let me know if we have any claim or not."
We are aware that the Commission is in frequent receipt of letters asking for advice, and that as an administrative matter *40 the completion of forms is helpful. But the position that a claim can be initiated only upon "completion of necessary forms" is contrary to the wording of Fla. Stat. § 440.19(1) (c), F.S.A. and Rule of Procedure No. 12. We hold that when the Commission is in receipt of a letter containing information sufficient to satisfy the requirements of this statute and this Rule, as noted in this opinion, then the letter is to be treated as a claim, and the employer is to be notified of the pending claim in accord with Fla. Stat. § 440.25(2), F.S.A. If forms supplied to the claimant are not returned, or if the claim is not prosecuted, then either the Commission or the employer is free to move for a dismissal of the claim under Rule of Procedure No. 11. The obvious result of this approach, which is consistent with the liberal construction to be accorded to the Workmen's Compensation Law, will be the protection of both the claimant and his employer: the one will be safeguarded in presenting potential claims, the other will be fully apprised of all claims pending against him.
A final comment remains to be made. Once a claim is filed, it stays pending until withdrawn by claimant, or acted upon, or dismissed upon motion of either the Commission or the employer under Rule of Procedure No. 11. As the Commission stated in Munsinger v. Edge, 1 F.C.R. 103 (1955), cert. denied, 85 So.2d 757 (Fla. 1955): "Passage of time does not itself terminate the pendency of a proceeding." This being so, the Judge of Industrial Claims correctly decided below that since Mrs. Turner's letter constituted a claim, it remained pending (since not dismissed under Rule of Procedure No. 11) and the application for hearing filed by the second attorney was in order. The Commission was in error when it reversed this judgment. The case should proceed now to the merits.
The petition for writ of certiorari is granted, the Order of the Full Commission is quashed, and the Commission is directed to reinstate the Order of the Judge of Industrial Claims and let the cause proceed to the merits.
It is so ordered.
ROBERTS, C.J., and ERVIN, ADKINS and BOYD, JJ., concur.