404 So.2d 172 (1981)
CAR STOP UNLIMITED and R.P. Hewitt & Associates of Florida, Inc., Appellants,
v.
Joe Henry SALMON, Appellee.
No. YY-319.
District Court of Appeal of Florida, First District.
September 29, 1981.
John K. Vreeland of Lane, Trohn, Bertrand, Williams & Smith, Lakeland, for appellants.
Clifton L. Howell, Jr., Winter Haven, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order awarding, among other things, total wage loss benefits to claimant for the period January 15, 1978, to February 14, 1980. Although we find no error in the points raised on appeal, we note disposition of a novel issue as to whether reversible error occurred in the award of wage loss benefits for the period in question, when such benefits were not included in a pending claim for other benefits filed November 19, 1979, but were identified in an application for hearing filed February 15, 1980.
The application for hearing contained the names and addresses of the employer, employee and carrier, the claimant's social security number, the date of accident, and a request "in accordance with Florida Statutes 440.15(3)(b)" for wage loss benefits in a stated amount for the monthly period in question. That application was filed within three days after the claimed monthly wage loss period. (Appellant's argument does not relate to the discrepancy between the order's terminal date of February 14 and the February 12 date noted in the application.) Final hearing was held on July 17, 1980, following pretrial on April 24, 1980.
In A.B. Taff & Sons v. Clark, 110 So.2d 428 (Fla. 1st DCA 1959), this court restated the well recognized rule with respect to informality of pleadings in workers' compensation cases:
... The workman's compensation law is so administered that formal pleadings ... are quite unnecessary in order to activate the question of an employee's right to compensation and other benefits under the act, and ... any paper lodged with the Commission indicating a probability that the employee has not received such compensation or benefits is treated *173 as a "claim" and processed as such in the same manner as if it were filed with all the niceties of expert legal attention. A.B. Taff & Sons, 110 So.2d at 433.
Although extensive substantive and procedural revision of the law has occurred since that decision, our consideration of the sequence of events above recited in the light of the current statutes does not show that the procedures here in question prevented any fair opportunity for action by appellant and the Division toward which the provisions of the law and rules are directed. § 440.185(10) and § 440.19(1) and (2)(d); Rule 38F-3.10 and 3.18, State of Florida Rules and Regulations.
In accord with the rationale enunciated in Taff, we conclude that failure by claimant to utilize the specific form prescribed by the Division should not be fatal so long as essential statutory requirements respecting claimed wage loss benefits are otherwise satisfied. We therefore find that the application for hearing filed in this case was under the circumstances properly treated as a claim for the benefits in question. Our conclusion here, that a claim by any other name or form may serve the same essential purposes, does not of course address the significance of deficiencies in an alleged claim which may be prejudicial for reasons other than those asserted in this case. See Jones v. K & L Contractors, 392 So.2d 375 (Fla. 1st DCA 1981).
The deputy's order is affirmed.
BOOTH, SHAW and WENTWORTH, JJ., concur.