ERVIN, Judge.
Claimant Clarence Mays appeals a workers’ compensation order that denied his petition for attorney’s fees, which was filed under section 440.34(3)(a), Florida Statutes (1989), in connection with a claim for medical benefits only. The reason the judge of compensation claims (JCC) gave for the denial was that the medical benefits claim contained an incorrect date of injury, contrary to the provisions of section 440.19(l)(d), Florida Statutes (1989). As we consider that the initial claim for medical benefits sufficiently apprised the employer/carrier (E/C) of the actual date, we reverse the order denying fees and remand the case with directions that a reasonable attorney’s fee be determined.
In his March 25, 1993 claim for medical benefits, claimant erroneously stated on the face of the claim that the accident occurred on August 26, 1990, when in fact, the correct date was May 16, 1990. The claim also referred to and had attached to it a medical note from claimant’s attending physician which twice accurately identified the date of injury as May 1990. Thereafter, on April 29, 1993, the E/C issued a notice of denial stating that it had no knowledge or documentation of claimant suffering an injury on August 26, 1990. Claimant filed an amended claim for benefits listing the correct accident date as May 16, 1990. The E/C once again served a notice of denial, but advised that it had authorized the requested surgery as of April 29,1993.
In denying the subsequently filed petition for attorney’s fees, the JCC explained that the initial claim for medical benefits was required by the statute to contain the correct date of injury in order to place the E/C sufficiently on notice in regard to the identity of the parties and the details of the benefits alleged to be due. He further found that the E/C had properly denied the initial claim, which was incorrect because claimant had not suffered any injury on the date alleged. Finally, he concluded that because the E/C had timely authorized the requested medical care before the amended claim was filed, no valid ground existed on which a fee could be earned. In our judgment, based on applicable case law, no competent, substantial evidence supports the above findings.
Despite the incorrect date listed on the face of the claim for medical benefits, the E/C had actual knowledge at the time it served its notice of denial that claimant’s accident had in fact occurred on May 16, 1990. This knowledge is evidenced by the physician’s medical note attached to the initial claim, which stated the correct date of the accident. Additionally, the record discloses that during several months immediate *994 ly preceding the filing of the claim, claimant’s attorney had written three letters to the carrier requesting authorization for the requested surgery, all of which contained the correct date of accident. Moreover, on January 23, 1991, claimant filed a prior claim for benefits ensuing from the May 16, 1990 industrial accident, which resulted in the voluntary payment of temporary total benefits. During the pendency of the 1991 claim, the carrier forwarded a letter to claimant’s attorney on April 19, 1991, acknowledging the accident date of May 16,1990.
Under the circumstances, we cannot accept the interpretation which the judge below appears to have placed upon section 440.19(l)(d): that a claim must be denied if the correct date of the accident is not stated on the face of the claim for benefits. We conclude that if information is contained within a claim which provides an employer with reasonable information permitting ascertainment of the correct date of injury, or if the E/C is otherwise provided with actual notice of the correct date, the claim should not be dismissed. In reaching our decision, we are strongly persuaded by that portion of subsection (l)(d), which requires specific factual details, or “such equivalent information as will put the division and the employer on notice.” (Emphasis added.)
The legislative purpose, we believe, in requiring that an employee furnish the information designated in section 440.19(l)(d) is to protect an employer from being unfairly disadvantaged in defending a claim for benefits. Once, however, evidence is adduced from which one can decide that an employer has received reasonable or actual notice of the facts required to be provided in the claim, the reason for exact specificity disappears. In creating the “equivalent information” language in section 440.19,[1] we consider that the legislature required some showing of prejudice in order to defeat a claim for benefits.
Our conclusion in this regard is supported by case law both from the Florida Supreme Court and our own. In its interpretation of section 440.19, Florida Statutes (1957), which contained a provision similar to that in the statute now on review, this court, in A.B. Taff & Sons v. Clark, 110 So.2d 428, 433 (Fla. 1st DCA 1959), made the following observations:
It is well recognized that the Workmen’s Compensation Law is so administered that formal pleadings, such as attorneys are versed in preparing, are quite unnecessary in order to activate the question of an employee’s right to compensation and other benefits under the Act, and that any paper lodged with the commission indicating a probability that the employee has not received such compensation or benefits is treated as a “claim” and processed as such in the same manner as if it were filed with all the niceties of expert legal attention.
(Emphasis added.)
The Florida Supreme Court cited the Taff opinion with approval in Gamage v. Reeks, 142 So.2d 721 (Fla.1962). In Gamage, a claim had been filed in 1959 and thereafter voluntarily dismissed. In a March 1961 letter, new counsel, without filing a separate, formal claim, made specific reference to the first claim by the number assigned to the file and advised the Commission that he wished to have the matter set down for hearing. In approving the Commission’s finding that the letter was adequate to state a claim anew, the court observed that the letter adequately incorporated by reference all the essential information of the matters detailed in the record of the claim.
*995 The Florida Supreme Court later specifically approved the language of this court in Toff regarding the sufficiency of a claim, by observing that any paper filed with the Industrial Relations Commission which contains information sufficient to satisfy the statutory requirements and which presents adequate information to indicate a probability that a claim may be warranted was sufficient to satisfy the statute. Turner v. Keller Kitchen Cabinets, S., Inc., 247 So.2d 35 (Fla.1971).
Our court followed this liberal interpretation of the claim statute in Car Stop Unlimited v. Salmon, 404 So.2d 172 (Fla. 1st DCA 1981), wherein we held, citing Taff, that the deputy commissioner had correctly awarded wage loss benefits for a specified period of time, although such benefits were not asserted in the claim, but were identified in an application for hearing. Relying on Taff the court concluded that an employee’s failure to identify the particular time for which wage loss benefits were sought on the face of the claim was not fatal to the award of such benefits, as long as the essential statutoiy requirements involving the benefits were otherwise satisfied, as had been done by their incorporation within the application for hearing.
More recently, in Nieves v. Dade County School Board, 583 So.2d 697 (Fla. 1st DCA 1991), this court reviewed an order which denied a motion for attorney’s fees, entered on the ground that the employee’s lawyer had not secured chiropractic care for his client because no formal claim for same had been filed. In reversing, this court held, among other things, that the record showed that the E/C had been adequately placed on notice of the request for chiropractic care in that, on several occasions before the authorization of such treatment, the attorney had asked the E/C to provide claimant with same. The court thus based its reversal in part on the theory that a claim had sufficiently been made for such benefits, despite the lack of any written request.
Thus, the recurring issue throughout the decisional law involving a defense that a claim was insufficiently stated is whether the E/C was in some manner provided with equivalent information satisfying the statutory claim requirements. If the claim provides information which would reasonably lead an employer to the ascertainment of the correct state of facts, or if the employer possesses facts disclosing the true state of affairs, there is no basis on which any valid defense of prejudice can be maintained.
We therefore conclude from the record that the employer at bar was sufficiently aware of the actual date of the employee’s injury, and, as a consequence, the claim for medical benefits should not have been rejected as either incorrect or insufficiently stated. If we were to accept the JCC’s rigid interpretation of section 440.19(l)(d) as requiring the explicit date of the injury to be stated on the face of a claim, notwithstanding that the employer had otherwise been provided notice of the actual date, such construction would, in our judgment, thwart one of the most cardinal principles underlying the enactment of the Workers’ Compensation Act: to put needed benefits speedily into the hands of the injured employee. As this court observed in Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981):
The delay or denial of payment, without a showing of active effort and initiative on the part of the carrier to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker is totally inconsistent, in our view, with the notion that a claimant is entitled under this law to have his benefits paid without the necessity of first seeking the advice and services of an attorney for the simple purpose of making his claim of entitlement to benefits known to the carrier.
Because we conclude that the employee prevailed on his sufficiently filed claim for medical benefits dated March 25, 1993, the order denying fees is REVERSED, and the case REMANDED with directions for the JCC to determine a reasonable sum.
BARFIELD, C.J., concurs.
DAVIS, J., concurs in result.

. Although we have referred in this opinion to the 1989 version of section 440.19, which was in effect at the time of injury, no issue has been raised as to whether this statute has substantive or procedural application. Indeed, both parties in their briefs appear to have referred to the claim statute in effect as of the date of the injury, not as of the date the claim was filed. In any event, we note that the identical "equivalent information" language was contained in the statute in 1993 when Mays filed his claim. This language, which the 1955 legislature first placed in the statute, has since been deleted and the provisions of section 440.19, relating to the information required in a claim, were substantially revised by the creation of section 440.192, which took effect on January 1, 1994. Ch. 93-415, § 25, at 137-38, Laws of Fla. We do not, of course, have before us any issue regarding what effect the subsequent amendment may have on the outcome of this case.