**L. E. BELL v. E. D. VAUGHN, as Chief of the Police of the City of St. Petersburg, Florida.**

21 So. (2nd) 31                                         January Term, 1945
February 6, 1945                                                  En Banc
Rehearing denied March 12, 1945

*Raymond Sheldon*, for appellant.

*Lewis T. Wray* and *Harry I. Young*, for appellee.

TERRELL, J.:

The Legislature of 1941 enacted Chapter 21551, authorizing the City of St. Petersburg to regulate fishing in the bayous, inlets, rivers, lakes, or streams within the limits of the City. Pursuant to said Act, the City of St. Petersburg enacted ordinance No. 957-A, Section One of which is as follows:

"From and after the passage of this Ordinance, it shall be unlawful for any person to fish or cause to be fished, to use or cause to be used for the purpose of taking fish any net or seine of any kind or character within any of the bayous, inlets, rivers, lakes or streams lying within the City limits of the City of St. Petersburg as established by Chapter 15,505, Special Acts of the Legislature of Florida, 1931; provided however, that this Section shall not apply to hand cast nets when said cast nets can be cast and spread entirely by manual effort without the use of corks."

Petitioner was arrested for fishing with a gill net in "Smacks Bayou," a body of salt water lying within the city limits of St. Petersburg. On petitioner's application habeas corpus was granted by this Court returnable to the circuit court. On motion for discharge, he was remanded to the custody of respondent. This appeal is from the order of remand.

The question presented is whether or not the quoted ordinance under which petitioner was taken in custody was repealed by Section 30, Article IV of the Constitution.

Section 30 of Article IV was added to the Constitution at the 1942 general election. It's purpose was to vest the "management, restoration, conservation, and regulation" of the birds, game, fur bearing animals, and fresh water fish of the State of Florida in the Game and Fresh Water Fish Commission, Volume 26, page 54, F.S.A. Paragraph 4 of Section 30 in so far as applicable to this case is as follows:

"Among the powers granted to the Commission by this Section shall be the power to fix bag limits and to fix open and closed seasons, on a state-wide, regional or local basis, as it may find to be appropriate, and to regulate the manner and method of taking; transporting, storing and using birds, game, fur bearing animals, fresh water fish, reptiles, and amphibians."

Since the purpose of Section 30, Article IV was to vest the "management, restoration, conservation, and regulation" of fresh water fish in the Game and Fresh Water Fish Commission it would seem to necessarily follow that the purpose of the quoted part of paragraph 4 was to clothe the Game and Fresh Water Fish Commission with exclusive power to fix bag limits, open and closed seasons, and the "method of taking" fresh water fish from Florida waters. Paragraph Seven of Section 30 expressly repeals all laws in conflict with Article IV and authorizes the Legislature to enact laws in aid of but not in conflict therewith.

The chancellor denied the motion to discharge petitioner on the theory, (1) that he was fishing in salt water and that Section 30 had to do with regulating fishing in fresh water, (2) that both the ordinance and the statute authorizing it were passed in aid of Section 30 of Article IV of the Constitution, and (3) petitioner was not in position to raise the question of the validity vel non of the ordinance.

The ordinance attempts to regulate the "method of taking" fish in certain waters in St. Petersburg, Florida, when that prerogative is by paragraph 4 of Section 30 vested exclusively in the Game and Fresh Water Fish Commission. It is common knowledge that some species of fresh water fish inhabit both salt and fresh water and are frequently taken from estuaries, bays, streams, and bayous adjacent to the shore. Since Section 30 vests the "management, restoration, conservation, and regulation" of fresh water fish in the Game and Fresh Water Fish Commission, its jurisdiction for that purpose must necessarily extend over such waters as are salt or partly salt if the amendement is to be given full effect. There is nothing in Section 30 of Article IV or Chapter 21945, Acts of 1943, affecting the subject matter which prohibits this, and the

amendment *regulates the method of fishing and not the place of fishing.*

This interpretation necessarily creates an area of overlapping jurisdiction on the part of the Fresh Water Fish Commission and the Commission authorized to regulate and conserve the salt water fish industry but the jurisdictions of the two commissions would not necessarily conflict. At any rate, there is no suggestion of a conflict in this case and it is shown that the Game and Fresh Water Fish Commission has entered the field and prescribed Rule 3, defining the means by which fresh water fish may be taken. Section 6 of Chapter 21945, Acts of 1943, when read in connection with Section 775.07, Florida Statutes, 1941, provides the penalty for the violation of rules of the Commission.

We do not think that when Section 30 of Article IV of the Constitution is read in connection with Section 32 of Article XVI, Volume 26, page 648, F.S.A., there is any theory under which a municipality can be clothed with power to regulate the fishing industry. The purpose of both these amendments was to regulate the "method of taking" both salt and fresh water fish by commissions. As to fresh water fish, the very terms of the quoted part of paragraph 4 are conclusive as to the "method of taking" and when the Commission prescribes a method, it is not within the power of the Legislature or the City to change it. The power to pass acts "in aid" of the amendment does not contemplate power to prescribe a method of taking different from that prescribed by the Commission.

It follows that the ordinance and the Act authorizing it were repealed by Section 30 of Article IV of the Constitution so the judgment appealed from is reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.

BROWN, THOMAS and SEBRING, JJ., dissent.