**STATE OF FLORIDA, ex rel. JOE GRIFFIN, v. HON. JIMMY SULLI- VAN, as Sheriff of Dade County, Florida.**

30 So. (2nd) 919     January Term, 1947
May 9, 1947     Special Division A
Rehearing denied May 20, 1947.

*W. D. Bell, R. K. Bell* and *Bell & Bell,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, *Earl D. Farr* and *O. K. Reaves,* for appellee.

TERRELL, J.:

Appellant was taken in custody on a Justice of the Peace's warrant charging him with violating Rule 14.01 of the Game and Fresh Water Fish Commission, relating to the taking, sale or transportation of fish from the fresh waters of Florida. He was brought before the Circuit Court on a writ of habeas corpus, alleging that the acts with which he was charged were done by him in good faith pursuant to Chapters 22582 and 22788, Acts of 1945. A motion to discharge the writ was granted, the appellant was remanded and this appeal was prosecuted.

There is no question as to the power of the Game and Fresh Water Fish Commission to enact Rule 14.01 or as to the regularity of its enactment. It is contended that Chapters 22582 and 22788, dcelaring Lake Okeechobee and the St. Johns River from its mouth to Volusia bar to be salt water and authorizing the taking of fish therefrom in the manner defined, are valid until held to be otherwise, that petitioner was in good faith relying on them and should not suffer the punishment imposed on him.

So the point for determination is whether Rule 14.01 of the Game and Fresh Fish Commission or Chapters 22582 and 22788, govern the taking of fresh water fish from the waters of Lake Okeechobee and the St. Johns River. The fact that they were taken in good faith in reliance on the named statutes is not material if they were enacted without legislative authority.

We think the rule of the Game and Fresh Water Fish Commission is the governing law. Section 30, Article IV of the Constitution vested the management, restoration, conservation and regulation of fresh water fish in the Game and

Fresh Water Fish Commission and gave it exclusive power to fix bag limits, open and closed season, and to prescribe the method of taking fresh water fish from Florida waters. When the Commission prescribes a reasonable rule for doing this it is not within the power of the legislature to change it.

It is quite true that Section 30, Article IV also authorizes the legislature to pass laws in aid thereof but that does not contemplate power to prescribe a method of taking fish from the fresh waters different from that prescribed by the Commission. Sylvester v. Tindall, 154 Fla. 663, 18 So. (2nd) 892, Bell v. Vaugn, 155 Fla. 551, 21 So. (2nd) 31. Acts of the legislature are limited to those that aid but are not inconsistent with the regulations of the Commission. The legislature may also fix penalties and license charges, but it cannot abrogate a regulation of the Commission.

In so far as the acts in question attempt to regulate the taking of fish from Lake Okeechobee and the St. Johns River, they are in violation of Section 30, Article IV and are invalid, so the judgment is affirmed.

THOMAS, C. J., CHAPMAN, J., and HOLT, Associate Justice, concur.