223 So.2d 330 (1969)
John H. WHITEHEAD, Sheriff of Union County, Florida, Appellant,
v.
Willie ROGERS, Appellee.
No. 38252.
Supreme Court of Florida.
May 21, 1969.
Marion D. Lamb, Jr., Tallahassee, for appellant.
Earl Faircloth, Atty. Gen., Robert A. Chastain, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellee while hunting mourning doves was arrested by appellant, John H. Whitehead, Sheriff of Union County, Florida, on Sunday, November 3, 1968, on the charge of violation of § 855.04, Florida Statutes, F.S.A., relating to the use of firearms on Sunday. He was brought before the Circuit Court on a writ of habeas corpus alleging that the acts with which he was charged were done by him pursuant to a valid 1968 hunting license issued pursuant to Order No. 165 (68-28) promulgated by the Game and Fresh Water Fish Commission *331 on July 12, 1968, which provided, inter alia, for an open season on mourning doves between the period of October 5, 1968 and November 3, 1968, inclusive. The petition for writ of habeas corpus was granted, the Circuit Court holding that the application of § 855.04, Fla. Stat., F.S.A. was inconsistent, null and void, and thereupon this appeal was prosecuted.
The point for determination is whether Order No. 165 (68-28), which provided for an open season each day between October 5, 1968 and November 3, 1968, governs the days one may hunt, including Sundays.
The rule of the Game and Fresh Water Fish Commission is controlling. Section 30, Article IV of the Constitution of 1885 which governs this case, vested the power to fix open and closed seasons, on a statewide, regional or local basis, as it may find to be appropriate. It has been held that when the Commission prescribes a reasonable rule for doing this it is not within the power of the legislature to change it. State ex rel. Griffin v. Sullivan, 158 Fla. 870, 30 So.2d 919, Fla. 1947; and Beck v. Game and Fresh Water Fish Commission, 160 Fla. 1, 33 So.2d 594, Fla. 1948.
The constitutional mandate in establishing the Game and Fresh Water Fish Commission, states, "The Legislature may enact any laws in aid of, but not inconsistent with, the provisions of this amendment, and all existing laws inconsistent herewith shall no longer remain in force and effect." Section 30(7), Article IV. Obviously § 855.04, Fla. Stat., F.S.A, first passed in 1859, is inconsistent with the rules promulgated under the authority of the later amendment and therefore must not apply in the case sub judice. While the discharge of firearms is a loud and noisy operation and not consistent with the quiet and peaceful observance of Sunday, the people by constitutional amendment placed in the hands of the Commission the responsibility to fix hunting seasons, which necessarily includes Sundays unless specifically excluded. Sundays were not excluded under Order No. 165 (68-28), thus the legislative enactment § 855.04 insofar as it applies to this case will not control.
In summary, we therefore hold that the regulating of Sunday hunting is within the exclusive control of the Game and Fresh Water Fish Commission and not the Legislature, so the judgment is hereby
Affirmed.
ROBERTS, Acting C.J., and DREW, CARLTON, ADKINS and BOYD, JJ., concur.