389 So.2d 639 (1980)
John N. SAMAHA, Appellant,
v.
STATE of Florida, Appellee.
No. 58015.
Supreme Court of Florida.
October 16, 1980.
B. Robert Ohle, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
*640 McDONALD, Justice.
John N. Samaha, an attorney, assails the constitutionality of section 440.34(5)(a), Florida Statutes (1977).[1] Art. V., § 3(b)(1), Fla. Const. (1972). He was charged under that statute as a result of extracting a $5,000 fee from a workmen's compensation claimant when the said fee was not approved by the judge of industrial claims. After timely raising the claim that the statute was unconstitutional, Samaha pled nolo contendere in the county court, but preserved the right for a review of the trial judge's ruling that the statute was constitutional. We sustain the ruling of the trial judge and uphold the validity of the statute.
The basis for Samaha's arguments is nebulous, but he claims that the statute violates due process, improperly delegates authority to the judge of industrial claims, and violates the equal protection clause of the constitution in that it discriminates between contracts that lawyers make with different clients.
A reading of this statute reveals no discernible ambiguity. The proscription is quite clear. The legislature is telling all that one doesn't charge or receive a fee from a workmen's compensation beneficiary unless such action and the fee are approved by the proper representative of the state in the proceeding.
As Justice Roberts stated in Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960):
[T]he workmen's compensation law was intended to provide a direct, informal and inexpensive method of relieving society of the burden of caring for injured workmen and to place the responsibility on the industry served. Under the Act, if an injured employee is entitled to recover at all, the amount is fixed and definite, not contingent... . In order to recover an award for his attorney's fee, it is incumbent upon the claimant to show that it was necessary, and not merely expedient, to employ an attorney to represent him. A.B. Taff & Sons v. Clark, supra, 110 So.2d 428 [(Fla.App.)].
Id. at 602. The benefits are limited and all relate to the employee's loss of earning capacity and direct recuperative expenses.
It is recognized that in some instances the services of an attorney are necessary. In such instances, however, the expense of the attorney has been placed on the employer by requiring him to pay attorney fees caused or created by his failure to timely pay the benefits due an injured employee.[2] These fees are set by the judge of industrial claims under guidelines established by the legislature, but the award of fees and the amount thereof must be determined with reference to the rights and equities of the employer, the insurance carrier, and the claimant. Tampa Aluminum Products Co. v. Watts, 132 So.2d 414 (Fla. 1961). Since a workmen's compensation claimant's benefits are limited, allowing an attorney or other person to obtain a portion thereof from a claimant, particularly when it is a substantial sum, would thwart the public policy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally. Thus the state has a legitimate interest in regulating attorney fees in workmen's compensation cases.
Every assault on statutes regulating attorney fees in workmen's compensation cases that we have seen has been successfully resisted. In Yeiser v. Dysart, 267 U.S. 540, *641 45 S.Ct. 399, 69 L.Ed.2d 775 (1925), the United States Supreme Court affirmed a ruling of the Nebraska Supreme Court[3] that a similar statute was a proper exercise of the police power of the state and was not repugnant to the provisions of the federal constitution guaranteeing rights in property, due process of law, and equal protection of the law. We likewise find no violation of the Florida Constitution.
As for the contention that the statute improperly delegates authority to the judge of industrial claims, a reading of the statutes shows that the judge of industrial claims is given clearly defined directions as to when and how much fee to award. This is a far cry from the situations which existed in Mahon v. County of Sarasota, 177 So.2d 665 (Fla. 1965), and Husband v. Cassel, 130 So.2d 69 (Fla. 1961). Utilizing the guidelines set forth in those cases, we can discern no merit to the appellant's argument on this issue either.
This Court upholds the constitutionality of section 440.34(5)(a), Florida Statutes (1977), and affirms the conviction.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] Former § 440.34(5), Fla. Stat., reads as follows:

(5) Any person:
(a) Who receives any fees or other consideration or any gratuity on account of services so rendered, unless such consideration or gratuity is approved by the judge of industrial claims, the commission, or such court; or
(b) Who makes it a business to solicit employment for a lawyer or for himself or herself in respect of any claim or award for compensation,
shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Similar provisions are now contained in § 440.34(4), Fla. Stat. (1979).
[2] § 440.34, Fla. Stat. (1979).
[3] Dysart v. Yeiser, 110 Neb. 65, 192 N.W. 953 (1923).