403 So.2d 1043 (1981)
Lawrence KHOURY, Appellant,
v.
CARVEL HOMES SOUTH, INC., and Corporate Group Services, Inc., Appellees.
No. WW-264.
District Court of Appeal of Florida, First District.
September 2, 1981.
Rehearing Denied October 2, 1981.
*1044 L. Barry Keyfetz of Keyfetz & Poses, Miami, for appellant.
Steven P. Kronenberg of Adams, Kelley & Kronenberg, Miami, for appellees.
JOANOS, Judge.
When the appellant/claimant prevailed on the merits of his workers' compensation claim, the deputy's order required that all attorney's fees payable to appellant's attorney, Mr. Keyfetz, be placed in a trust account and that Mr. Keyfetz seek the deputy's approval as required by § 440.34(1), Florida Statutes (1979),[1] before reimbursement of his fees. Arguing that § 440.34(1) is constitutionally invalid, appellant moved that this portion of the order be vacated. Although the deputy refused to decide the constitutional issues, he did enter brief "findings of fact." On this record, appellant now seeks review before this Court asking generally that we find § 440.34(1) violative of equal protection, due process or the "contract clause." Relying on the arguments and authority presented to us,[2] we have not been persuaded that § 440.34's requirement of obtaining deputy approval before disbursement of a claimant's attorney's fees is unconstitutional.
Except for the original claim for relief and the orders of the deputy, the entire record on appeal consists of the motion to vacate. Attached to the motion as exhibits are affidavits of claimant, Mr. Keyfetz, and two other attorneys, several letters written by Mr. Keyfetz to or about workers seeking representation, and a letter from the Bureau of Workers' Compensation informing deputies of the procedure for processing retainer agreements. There is no indication *1045 that any of these exhibits were ever offered or accepted into evidence. Claimant's and Mr. Keyfetz' affidavits reflect that under claimant's contract with Mr. Keyfetz for representation, claimant would pay the lesser of a percentage of benefits obtained or an hourly rate. Both claimant and Mr. Keyfetz stated that they did not wish to reveal the terms of the contract, seek third party approval, or furnish information to the deputy regarding work and services performed. Claimant also objected to the necessity of payment of an extra charge required because of the additional efforts of an attorney in obtaining approval of the attorney's fee through a formal hearing. In addition, Mr. Keyfetz stated that if he is unable to freely contract with claimant but is required to deposit funds in a trust account and seek approval for disbursement, he is unwilling to represent claimant further. Finally, the motion to vacate included as an exhibit the affidavits of two other attorneys who state that they are unwilling to represent claimants in workers' compensation cases because of the legislation adopted August 1, 1979, regulating attorney's fees.
The deputy denied the motion because he did not feel he could take jurisdiction of the constitutional issues. In his order, however, the deputy found that
the procedure established by the legislature herein does preclude willingness of counsel to represent an injured workman, will cost injured workman additional attorneys' fees in view of the additional time required in connection with seeking approval and may provide useful information to the employer-carrier in defending against the claim and making decisions in connection with their position as to any claim... .
Appellant first argues that § 440.34(1) unconstitutionally violates equal protection in that it discriminates against claimants as a class. According to appellant, the effect of the statute's regulation of the manner and amount of a claimant's attorney's fees is to make lawyers unwilling to represent claimants. Appellant contends that despite what the legislature intended, the statute does not protect the injured worker but restricts the worker's ability to hire an attorney. In support of this contention, appellant cites us to the record and the deputy's findings.
The test for determining the validity of a statutory classification which does not involve a "suspect" class or a fundamental right is whether "any realistic and rational set of facts may be conceived to support it." Fraternal Order of Police v. Department of State, 392 So.2d 1296, 1302 (Fla. 1981). This somewhat limited judicial review is in recognition of the legislature's broad discretion in fashioning statutory remedies to protect the public welfare. Our function is not to determine if the legislation achieves the intended goal in the best manner possible. If the goal is legitimate and the means to achieve it are rationally related to that goal, the statute should be upheld. See, e.g. In re Estate of Greenberg, 390 So.2d 40 (Fla. 1980).
In Samaha v. State, 389 So.2d 639 (Fla. 1980), the Florida Supreme Court upheld a statute which made it a misdemeanor for an attorney to receive any fees from a workers' compensation claimant without prior approval by the judge of industrial claims (now termed "deputy commissioner"), Industrial Relations Commission or court. Rejecting an equal protection challenge similar to the one made in this case, the court recognized the State's interest in regulating attorney's fees for injured workers as legitimate. According to the court, allowing the attorney to extract a substantial sum from a claimant's workers' compensation benefits "would thwart the public policy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally." Id. at 640.
As additional support for its decision, the court in Samaha cited Yeiser v. Dysart, 267 U.S. 540, 45 S.Ct. 399, 69 L.Ed. 775 (1925), involving a workers' compensation statute which sought to regulate attorney's fees much like § 440.34(1). The statute in Yeiser provided that "only such sum could be *1046 demanded for services in bringing a suit under the workers' compensation act as the court should allow, and a contract for other and further pay was void." The plaintiff, an attorney who was suspended unless he agreed to refund a fee received without approval, argued that the statute unreasonably restricted the liberty of contract and deprived him of liberty and property without due process. These contentions were denied by the Court for two reasons: (1) a large portion of those covered by the act need protection against improvident contracts, and their protection is in the public's and their own self-interest; (2) an attorney is licensed by the State, and workers' compensation is a right created by the State; therefore, with regard to workers' compensation the State may attach such contentions on the license to practice law as it deems necessary for the public good.
The Yeiser Court's rejection of the "liberty to contract" argument applies with equal weight to appellant's second contention that § 440.34(1) violates what appellant loosely describes as his constitutional "right to contract."[3] Merely because legislation places some restriction on the right to freely contract will not invalidate the legislation if the restriction was intended to protect the public's health, safety or welfare. See City of El Paso v. Simmons, 379 U.S. 497, 508-509, 85 S.Ct. 577, 583-584, 13 L.Ed.2d 446 (1965); Golden v. McCarty, 337 So.2d 388, 390 (Fla. 1976). In this respect, judicial analysis of legislative intent and the means used to achieve that intent should give the same deference to legislative discretion as was given in the equal protection cases previously cited. See Fraternal Order of Police, supra; In re Estate of Greenberg, supra.
Considering the limited record in this case and appellant's failure to refer us to any case authority in support of his position, we have not been convinced to sway from our duty to resolve doubts regarding a statute's validity in favor of constitutionality. Golden v. McCarty, 337 So.2d at 389. Appellant's arguments as to the practical effect of the statute are particularly unpersuasive in light of the limited evidence presented in this case as well as the lack of experience available under the statute which has been in effect only a short period of time. Due to this failure of evidence, appellant has not shown that the statute is wholly inadequate to achieve the legitimate state interest recognized in Samaha.
For the foregoing reasons, we AFFIRM the deputy's denial of the motion to vacate.
ERVIN, J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting:
I am of the view that Section 440.34(1), Florida Statutes (1979), as interpreted by the majority, restrains and impairs the rights of claimants to contract and to engage the services of an attorney of their choice. The statute thereby violates concepts of due process and equal protection, and, I believe, is unconstitutional. Reliance on Samaha v. State, 389 So.2d 639 (Fla. 1980), is not appropriate. That case dealt with a prior act which required that a reasonable attorney's fee be determined by the deputy and paid by the employer and/or carrier. As a concomitant of the award to claimants of a reasonable attorney's fee, over and above other compensation benefits awarded, the prior act prohibited private agreements for fees to protect claimants from personal liability for fees which might reduce compensation benefits below what was intended by the legislature. Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977).
Under the present act, a claimant's right to recover attorney's fees from the employer/carrier *1047 has been narrowly proscribed to certain limited instances. Section 440.34(3), Florida Statutes. The general rule under the present act is that claimants are personally responsible for the payment of attorney's fees for services rendered on their behalf, not the employer/carrier. No defensible state interest can exist in unilaterally proscribing and restricting the right of claimants to negotiate and obtain legal services while leaving the employers/carriers free to contract with attorneys of their choice without restriction or limitation. Claimants should have the same rights as other litigants.
Workers' compensation laws are a mandatory substitute for the common law right of injured workmen to recover in tort against employers for on-the-job injuries. So long as the statutory remedy afforded is substantially equivalent to the common law remedy relinquished, certain constitutional objections can be overcome. The restraints imposed by Section 440.34(1) result in deprivation of fundamental rights of injured workers and impose a limitation not applicable to parties injured in non-job-related accidents.
In the instant case, claimant, who contracted privately with an attorney for representation, does not contend the fee contracted for was excessive or improper in any way. No claim is being made by claimant or his counsel that the agreed upon fee be paid by the employer/carrier or be a lien against compensation benefits.[1]
The interpretation of Section 440.34(1) which precludes freedom to contract and restricts the ability to obtain needed services seriously impairs the right of claimants to obtain compensation benefits due to them in what has become a complex area of the law, thereby penalizing, rather than protecting, the injured worker.
I respectfully dissent.
NOTES
[1] Section 440.34(1) provides:

No fee, gratuity, or other consideration shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the deputy commissioner, commission, or court having jurisdiction over such proceedings. Except as provided by this subsection, any attorney's fee approved by a deputy commissioner shall be equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured. However, the deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee.
[2] Neither appellant's initial brief nor his reply brief included any cited case authority in support of or in opposition to his position.
[3] Assuming that appellant was arguing that § 440.34 (1979) operated to impair a contract obligation as prohibited by Art. I, § 10 of the federal and Florida constitutions, we note that § 440.34(1) (1979) was in effect prior to the date of the accident in this case. Since the contract for attorney representation on the claim was entered into after the effective date of the statute, it cannot be said that § 440.34 impaired any existing contract obligation. Frizzell v. Bartley, 372 So.2d 1371 (Fla. 1979).
[1] Compare, Yeiser v. Dysart, 267 U.S. 540, 45 S.Ct. 399, 69 L.Ed. 775 (1925), cited by the majority, wherein the client sought the aid of the court to obtain the refund of a fee claimed by the client to be contrary to the agreement of the parties, which the attorney had subtracted from a workmen's compensation settlement without court approval or authorization.