HUBBART, Judge.
This is an appeal from final rules promulgated by the Florida Game and Fresh Water Fish Commission severely restricting the use of hunting dogs and all terrain vehicles for hunting wild animal life in the Big Cypress Wildlife Management Area in this state. Because the above Commission is a constitutionally created agency with legislative authority to adopt rules of this nature, we hold that the subject rule is tantamount to a legislative act which a district court of appeal has no jurisdiction to review on a direct appeal therefrom under Article V, Section 4(b)(2) of the Florida Constitution as implemented by Section 120.68(1), (2) of the Florida Statutes (1985). We, accordingly, dismiss the instant appeal for lack of jurisdiction to entertain same.
I
The facts relevant to the jurisdictional issue herein are entirely undisputed. In an effort to protect certain endangered wildlife, the Division of Wildlife staff of the Florida Game and Fresh Water Fish Commission proposed certain rule changes to the Commission severely restricting the use of hunting dogs and all terrain vehicles for hunting wild animal life in the Big Cypress Wildlife Management Area in Florida. On March 8, 1985, the Commission approved those changes in principle and thereafter, on April 24 and 25, 1985, held two public hearings thereon in Hialeah and Naples, Florida. Public comment was received at such hearings by the Commission concerning the proposed rule changes. On May 9, 1985, the Commission held a final public workshop on proposed rule changes and immediately thereafter approved, with some modification, the proposed rules; on July 1, 1986, these rules went into effect.
The rules in question (a) prohibit the possession of hunting dogs other than bird *631 dogs and waterfowl retrievers during the deer and hog hunting season, except for the first nine days of said season, in the Big Cypress Wildlife Management Area,[1] and (b) prohibit, in effect, the use of three wheeled all-terrain vehicles in the Big Cypress Wildlife Management Area.[2] The appellants, Airboat Association of Florida and others, strongly protested the adoption of these rules at the above public hearings and have taken a timely direct appeal to this court from the final rules as adopted by the Florida Game and Fresh Water Fish Commission.
II
Article V, Section 4(b)(2) of the Florida Constitution establishes the basic jurisdiction of district courts of appeal to review the action of administrative agencies by direct appeal:
“District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law.”
This constitutional provision is not self-executing as it requires implementation “by general law.” Section 120.68, Florida Statutes (1985), in turn, is the “general law” which implements this constitutional.provision:
“(1) A party who is adversely affected by final agency action is entitled to judicial review.
[[Image here]]
(2) Except in matters for which judicial review by the Supreme Court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides. Review proceedings shall be conducted in accordance with the Florida Appellate Rules.”[3]
§ 120.68(1), (2), Fla.Stat. (1985) (emphasis added). “Agency action” under the above statute includes a rule adopted by an administrative agency. § 120.52(2), Fla.Stat. (1985). An administrative “agency,” however, under the above statute does not include the Florida Game and Fresh Water Fish Commission, § 120.52(1), Fla.Stat. (1985). Accordingly, a final rule adopted by this Commission is not appealable to a district court of appeal.
The Florida Game and Fresh Water Fish Commission is created by Article IY, Section 9 of the Florida Constitution with the power to “exercise the regulatory and executive powers of the state with respect to wild animal life and fresh water aquatic life,” with one exception not relevant here, and “[t]he legislature” is authorized thereby to “enact laws in aid of the commission, not inconsistent with this section.” It has consistently been held that the Commission is vested with exclusive legislative authority to adopt reasonable rules to regulate game and fresh water fishing in this state, and that the legislature is constitutionally prohibited from adopting statutes in conflict with such rules. Whitehead v. Rogers, 223 So.2d 330 (Fla.1969); State ex rel. Griffin v. Sullivan, 158 Fla. 870, 30 So.2d 919 (1947); Price v. City of St. Petersburg, 158 Fla. 705, 29 So.2d 753 (1947).
*632 Plainly, then, this Commission is not a statutorily created administrative agency “as defined in the Administrative Procedure Act [§ 120.52(1), Fla.Stat. (1985) ] and its acts are not subject to [appellate] review under that Act.” Hacker v. Game and Fresh Water Fish Commission, Nos. 82-1463, 82-1464, slip op. at 2 (Fla. 3d DCA July 15, 1982) (clerk’s order denying review) (Daniel Pearson, J., concurring). Just as an act of the Florida Legislature is not directly appealable to a district court of appeal under Article V, Section 4(b)(2), Florida Constitution and Section 120.68(1), (2), Florida Statutes (1985), so too a rule adopted by the Florida Game and Fresh Water Fish Commission regulating wild animal and fish life in this state is not so appealable either, as such a rule is tantamount to a legislative act.
Ill
Turning now to the instant case, we have no trouble in concluding that the instant appeal must be dismissed. The appeal is taken from final rules adopted by the Florida Game and Fresh Water Fish Commission regulating the hunting of wild animal life in the Big Cypress Wildlife Management Area in this state. These rules are, accordingly, in the nature of legislative acts and are not rules adopted by an administrative agency within the meaning of the Administrative Procedure Act. Ch. 120, Fla.Stat. (1985). This being so, we have no jurisdiction to entertain this appeal under Article V, Section 4(b)(2), Florida Constitution and Section 120.68(1), (2), Florida Statutes (1985). For that reason, the instant appeal is hereby
Dismissed.

. "Big Cypress Wildlife Management Area ... The possession of dogs customarily used for hunting (other than bird dogs and waterfowl retrievers) is prohibited during any period when hunting deer and hogs is allowed in the remaining portion of the area, except that dogs may be used to hunt deer and hogs from November 9-17 in the Monument, Deep Creek and Stair-step units.” Fla.Admin.Code Rule 39-15.-064(6)(d)(2) (Supp.1985).

. “Big Cypress Wildlife Management Area ... Vehicle access or use for the purposes of hunting, fishing or frogging is prohibited except by vehicles with four rubber tires of nine-inch minimum width and 60-inch minimum wheel base and tracked vehicles with no more than nine linear feet of track touching the ground.” Fla. Admin.Code Rule 39 — 15.064(6)(d)(3) (Supp. 1985).

. Fla.R.App.P. 9.110(a)(2), (b), (c) govern appeals from final administrative action and do not require the filing of a "petition” in the appropriate district court of appeal as required ' by Section 120.68(2), Florida Statutes (1985). Instead, these rules provide for the filing of a notice of appeal with both the lower administrative tribunal and the appropriate appellate court.