ZEHMER, Judge.
The employer and carrier appeal a workers’ compensation order awarding wage-loss benefits to claimant. We modify the order and affirm.
Claimant was injured November 20, 1984, in the course of his employment at K-Mart. Although a full-time employee with K-Mart, claimant also worked part-time as a salesman at Sears. In calculating claimant’s average weekly wage, the deputy combined claimant’s wages from the full-time job at K-Mart with wages from his part-time employment at Sears. In determining the amount of wage loss due to the injury, the deputy gave credit for claimant’s post-accident earnings from Sears by subtracting that amount from his average weekly wage. The employer and carrier contend this was error. We disagree. The deputy’s ruling combining wages from both sources in determining claimant’s average weekly wage is entirely consistent with the supreme court’s construction of section 440.14(3), Florida Statutes (1969) [now § 440.14(l)(d), Fla.Stat. (1983)], in American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla. 1972). Moreover, the deputy gave proper credit for subsequent wages earned at Sears, which increased substantially after claimant was unable to return to the more demanding work at K-Mart.
Claimant concedes that the portion of the deputy’s order determining the employer and carrier acted in bad faith was premature. Accordingly, the appealed order is modified to delete all references to a find-mg of bad faith, and that issue shall be subject to determination in a separate proceeding. § 440.34(3)(b), Fla.Stat. (1983).
Claimant also concedes that the deputy erred in awarding wage-loss benefits from November 23, 1985, through November 30, 1985, as beyond the claim and evidence presented at the hearing; therefore, the appealed order is modified to delete the award of wage loss for that period. We find, however, that the record contains competent, substantial evidence to support the deputy’s decision to award wage loss from December 18, 1984, through November 23, 1985, and, accordingly, affirm that issue.
AFFIRMED as modified.
ERVIN and SHIVERS, JJ., concur.