616 So.2d 61 (1993)
Willie R. DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-932.
District Court of Appeal of Florida, Third District.
February 16, 1993.
Willie R. Dixon, in pro. per.
Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
On the court's own motion the appeal is dismissed for want of an appealable order.
Willie R. Dixon filed a timely motion for mitigation of his sentence under Florida Rule of Criminal Procedure 3.800(b), which the trial court denied. An order declining to exercise discretion to reduce a legal sentence pursuant to Rule 3.800(b) is ordinarily a nonappealable order, Hallman v. State, 371 So.2d 482, 484 (Fla. 1979), overruled on other grounds, Jones v. State, 591 So.2d 911 (Fla. 1991); Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986); Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980), subject to limited exceptions not applicable here. See State v. Lapica-Falcon, 519 So.2d 57, 58 (Fla. 2d DCA 1988). See generally The Florida Bar, Florida Appellate Practice § 4.2 (2d ed. 1986); The Florida Bar, Florida Criminal Rules and Practice, Rule 3.800 Commentary; Philip J. Padovano, Florida Appellate Practice, Suppl. §§ 20.11, 20.27 (1988). We decline to treat the appeal as a petition for certiorari. See Marsh.
This ruling is without prejudice to Dixon to refile his constitutional claims in a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Further, Dixon may in such motion assert such claim for relief as he may have under the Florida Supreme Court's recent decision in State v. Johnson, 616 So.2d 1 (Fla. 1993).
Appeal dismissed.