616 So.2d 61 (1993)
John CIANCIO, Appellant,
v.
NORTH DUNEDIN BAPTIST CHURCH and Claims Center, Appellees.
No. 92-905.
District Court of Appeal of Florida, First District.
February 17, 1993.
*62 Sondra Goldenfarb of Tanney, Forde, Donahey, Eno & Tanney, P.A., Clearwater, for appellant.
Bill Shouyun Tong of Matusek, McKnight, & Jaspers, P.A., St. Petersburg, for appellees.
ALLEN, Judge.
The claimant appeals a workers' compensation order applying section 440.02(24), Florida Statutes (Supp. 1990), which provides that the term "wages," as generally used in the Workers' Compensation Law, "includes only the wages earned on the job where the employee is injured and does not include wages from outside or concurrent employment except in the case of a volunteer firefighter... ." The claimant, who is not a volunteer firefighter, asserts that this statutory classification violates the guarantee of equal protection as contained in the Florida and United States Constitution. We conclude that the claimant has failed to establish the asserted constitutional infirmity, and we therefore uphold the application of the statute as against this challenge.
The claimant was injured while working in a part-time job, and sought to include concurrent earnings from other employment in the average weekly wage determination for workers' compensation benefits. However, the claimant was injured after the effective date of chapter 90-201, Laws of Florida, which amended section 440.02(24), so as to depart from the existing law regarding concurrent earnings as delineated in cases such as American Uniform and Rental Service v. Trainer, 262 So.2d 193 (Fla. 1972) and K-Mart v. Jones, 502 So.2d 495 (Fla. 1st DCA 1987). Because the amended statute permits concurrent earnings to be included in a volunteer firefighter's wages, while prohibiting such earnings from being included in other injured workers' wages, the claimant contends that the amendment violates his right to equal protection.
The rational basis test has been applied to a variety of other equal protection challenges under chapter 440. See e.g., Acton v. Ft. Lauderdale Hospital, 440 So.2d 1282 (Fla. 1983); Khoury v. Carvel Homes South, Inc., 403 So.2d 1043 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 467 (Fla. 1982). The claimant does not suggest that any greater level of scrutiny is warranted in the present case. Instead, the claimant argues that the statutory amendment is not supported by a sufficient rational basis.
Under the rational basis test it is not necessary to inquire whether the statutory classification effects a permissible goal in the best possible manner, as some degree of imprecision or inequality is permitted. See Acton; Khoury. The rational basis test merely requires a reasonable relationship between the statutory classification and a legitimate legislative objective. Id. And the party challenging the statute has the burden to demonstrate that there is no rational basis for the statutory classification. *63 See Florida High School Activities Association, Inc. v. Thomas, 434 So.2d 306 (Fla. 1983).
Other statutory classifications encompassing firefighters have been upheld as against equal protection challenges in contexts outside the ambit of chapter 440. See e.g., Soverino v. State, 356 So.2d 269 (Fla. 1978). As indicated in Soverino, such a classification may foster the public safety and welfare. Similarly, in White Haven Borough v. Workmens' Compensation Appeal Board (Cunningham), 498 A.2d 1003 (Pa.Commonwealth 1985), a Pennsylvania court upheld a special provision in that state's workers' compensation law pertaining to the average weekly wage of volunteer firefighters, and concluded that a justifiable social purpose  encouraging such unpaid public service  supported the statutory classification as against a constitutional challenge.
We conclude that the claimant has failed to meet the heavy burden which pertains to this constitutional challenge, and which requires that any doubt be resolved in favor of an enactment's constitutionality. See Khoury. Insofar as the favorable treatment which section 440.02(24), Florida Statutes (Supp. 1990), accords volunteer firefighters may conceivably further the legitimate and permissible objective of encouraging such socially beneficial service, no equal protection violation has been shown in this case. No other issue having been presented for our consideration, and the statutory classification being supported by a rational basis, the appealed order is therefore affirmed.
ZEHMER and WEBSTER, JJ., concur.