707 So.2d 836 (1998)
Ronald M. McELRATH, not individually, but in his capacity as Executive Director of the Florida Commission On Human Relations, Appellant,
v.
Ronna S. BURLEY, Appellee.
No. 97-1210.
District Court of Appeal of Florida, First District.
February 26, 1998.
*838 Robert Butterworth, Attorney General, and William H. Roberts, Assistant Attorney General, Tallahassee, for Appellant.
Richard E. Johnson of Spriggs & Johnson, Tallahassee, for Appellee.
Michael R. Masinter, Fort Lauderdale, for amici ACLU and NELA.
DAVIS, Judge.
Ronald M. McElrath, in his capacity as Executive Director of the Florida Commission on Human Relations, appeals an order of the circuit court holding unconstitutional a portion of the Florida Civil Rights Act of 1992. The trial court ruled that
[t]he sequence of procedures in which an aggrieved person must prevail under § 760.11(7), Florida Statutes, before being allowed to sue for damages in Circuit Court is so unduly burdensome as to violate the right of access to courts and due process under the constitutions of Florida and the United States.... The differential impact of the requirements of § 760.11(7) on charging parties based on factors other than merit of their claims violates the right of equal protection of the law under the constitutions of Florida and the United States.
Because we find that the statute is not an unconstitutional denial of access to courts and does not violate the equal protection and due process clauses of the Florida and United States constitutions, we reverse.
Ronna Burley filed a claim with the Florida Commission on Human Relations (FCHR) asserting that she was a victim of sexual discrimination at work. Her claim was rejected within 180 days, and a determination was issued by FCHR that there was no reasonable cause to believe that an unlawful employment practice had occurred ("no-cause finding"). Ms. Burley did not follow the procedure set forth in section 760.11(7) and file an administrative complaint to challenge that ruling. Instead she filed a declaratory judgment action against appellant McElrath in his official capacity only, seeking, inter alia, to have section 760.11(7) declared unconstitutional as a denial of access to courts and violative of due process and equal protection. Ms. Burley argued that the statute was unconstitutional because both claimants who receive a determination by FCHR of reasonable cause to believe that an unlawful employment practice has occurred and those claimants whose claims are not processed within 180 days, regardless of merit, have the right to proceed directly to circuit court without having to go through the administrative process to which the statute relegated Burley after issuance of the no-cause determination. She argued that it is unduly burdensome for those in her position, who receive a no-cause finding within 180 days, to have to go through a full administrative hearing at the Department of Administrative Hearings (DOAH), prevail, successfully defend that recommended order before FCHR, and then be required to renounce the benefits won at the administrative level to have the right to go to circuit court.
"A legislative enactment is presumed valid and will not be declared unconstitutional unless it is demonstrated beyond a reasonable doubt that the statute conflicts *839 with some designated provision of the constitution. Whenever reasonably possible and consistent with the protection of constitutional rights, courts will construe statutes in such a manner as to avoid conflict with the constitution." Metropolitan Dade County v. Bridges, 402 So.2d 411, 413-14 (Fla.1981), receded from on other grounds, Makemson v. Martin County, 491 So.2d 1109, 1115 (Fla. 1986). The burden of proof below was on the plaintiff to demonstrate that the statute was not constitutional by negating every conceivable basis for upholding the law. See Gallagher v. Motors Ins. Corp., 605 So.2d 62, 68-69 (Fla.1992).
The constitutional right of access to courts guaranteed by Article I, Section 21, of the Florida Constitution, protects only rights which existed at common law or by statute prior to the enactment of the Declaration of Rights of the Florida Constitution. See Kluger v. White, 281 So.2d 1, 4 (Fla.1973); Strohm v. Hertz Corp., 685 So.2d 37, 39 (Fla. 1st DCA 1996), review denied mem., 697 So.2d 512 (Fla.1997); Caloosa Property Owners Ass'n, Inc. v. Palm Beach County Bd. of County Comm'rs, 429 So.2d 1260 (Fla. 1st DCA 1983). The claims of employment discrimination and retaliatory discharge raised by Ms. Burley did not exist at common law. See Hullinger v. Ryder Truck Rental, Inc., 548 So.2d 231, 233 (Fla.1989); Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327, 1330 (Fla. 3d DCA 1985). Protection from employment discrimination and retaliatory discharge in Florida are statutory rights legislatively created in 1977. Id.; see also Florida Dep't of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991). The legislature created these rights in derogation of the common law rule that Florida employees may be hired or fired at will. See Hartley v. Ocean Reef Club, Inc., 476 So.2d at 1330. Plaintiff had no constitutional right of access to courts for these claims. Thus, the challenged statute is not unconstitutional as an improper restriction of the right of access.
The judgment below states no valid grounds for concluding that the statute unconstitutionally violates Ms. Burley's right to equal protection, and we reject that conclusion. In doing so, we apply the rational basis test because no suspect class or violation of fundamental rights has been implicated. See Florida League of Cities, Inc. v. Florida Dep't of Envtl. Regulation, 603 So.2d 1363, 1368 (Fla. 1st DCA 1992); see also Schwarz v. Kogan, 132 F.3d 1387, 1391 (11th Cir. 1998).
Under this "minimal scrutiny," the statute must be sustained if "any state of facts reasonably may be conceived to justify it." Schwarz v. Kogan, 132 F.3d at 1393. See also Gallagher v. Motors Ins. Corp., 605 So.2d at 69. Indeed, "where there is a `plausible' reason for a legislative enactment, it is `constitutionally irrelevant whether that reason in fact underlay the legislative decision.'" Id. In order to sustain her burden, the plaintiff must first show that she was treated under the law differently from similarly situated persons, then that the defendant intentionally discriminated against her, and finally, that there was no rational basis for the discrimination. "Under the rational basis test, it is not necessary to inquire whether the statutory classification effects a permissible goal in the best possible manner, as some degree of imprecision or inequality is permitted." Ciancio v. North Dunedin Baptist Church, 616 So.2d 61, 62 (Fla. 1st DCA 1993). This is a heavy burden, and "any doubt [must] be resolved in favor of an enactment's constitutionality." Id. at 63.
Ms. Burley's equal protection argument is premised on her theory that two plaintiffs with identical charges may be treated differently because one who receives a timely no-cause determination must proceed through the administrative process challenged herein, but one whose claim is not examined expeditiously and who receives no determination within the 180-day period may proceed to circuit court on a claim for damages without having to go through the administrative process. This claim is insufficient to support an equal protection violation. As the Florida Supreme Court explained in In re Greenberg's Estate, 390 So.2d 40 (Fla. 1980), it is not necessary under the equal protection clause to treat all persons in an identical manner.
The rational basis or minimum scrutiny test generally employed in equal protection *840 analysis requires only that a statute bear some reasonable relationship to a legitimate state purpose. That the statute may result incidentally in some inequality or that it is not drawn with mathematical precision will not result in its invalidity. Rather, the statutory classification to be held unconstitutionally violative of the equal protection clause under this test must cause different treatments so disparate as relates to the difference in classification so as to be wholly arbitrary.
Id. at 42. This statute does not itself contain any classification which discriminates between charging parties; all persons seeking relief under this law initially go through the same screening process. Not until expiration of the 180-day period, or the prior issuance of a cause or no-cause determination, is there any divergence in the treatment of charging parties. Thus, this is an "as applied" challenge. The trial court made no findings of fact to support the conclusion that this plaintiff was similarly situated to other charging parties who were permitted by law to bypass the administrative process.
Moreover, even assuming that such evidence was supplied and accepted, plaintiff has still not demonstrated any violation of equal protection because the alleged disparate treatment is rationally related to a permissible governmental purpose. Every charging party goes through initial screening by FCHR. The statute seeks to avoid further congesting court dockets and also to avoid the impact on employers of having to defend against non-meritorious claims, by requiring an initial determination of cause before a litigant may go to circuit court. Those whose claims are found to lack merit in the initial screening are protected from having their claims extinguished by having the opportunity to get that ruling reversed in the administrative process to which this plaintiff objects. Potentially, that scheme could foreclose all relief for those who, through no fault of their own, are innocent victims of the inability of FCHR to render any ruling at all within 180 days of receiving a particular charge. Cf. Aldana v. Holub, 381 So.2d 231, 238 (Fla.1980). The provision permitting those who have had no action within the 180-day period to proceed directly to circuit court protects such charging parties from any preclusive effect of dilatory review. That is diametrically opposed to the flaw in the statute involved in Aldana v. Holub, supra, in which the Florida Supreme Court held that, in application, the medical malpractice mediation statute was unconstitutionally arbitrary and capricious because it permitted some to complete mediation within the jurisdictional time limits while others could not do so. Those who were innocent victims of delays caused by congested court dockets completely lost their right to mediation.
Section 760.11 permits those subjected to unlawful workplace discrimination to seek redress, imposes a preliminary screening procedure to weed out unmeritorious claims, and avoids having that screening process arbitrarily eliminate the right to review by allowing those whose charges are not efficiently handled to proceed to circuit court if no ruling has been rendered in 180 days. That is a rational way of avoiding the unconstitutional flaw of the statute in Aldana v. Holub, preventing "innocent victims" from losing their right to present their claims due to congested workloads or other reasons for delay in the original screening process. This provision does not arbitrarily or irrationally discriminate between similarly situated persons.
Finally, we also reject the trial court's conclusion, which is unsupported by any findings, that the statute unconstitutionally violates plaintiff's due process rights. "The test to be used in determining whether an act is violative of the due process clause is whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive." Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla.1974); see also Abdala v. World Omni Leasing, Inc., 583 So.2d 330, 333 (Fla.1991). The order under review states conclusorily that "the sequence of procedures" violates the due process clause. The court did not make any further factual findings or provide any additional legal analysis. Specifically, the judgment contains no findings with regard to the legislative purpose to be served by requiring claimants to *841 submit their charges to FCHR, and to prevail before DOAH and FCHR in administrative hearings when the initial screening results in a determination of no-cause, or with regard to whether this screening procedure is rationally related to that purpose. This statute on its face satisfies the right to due process by providing for an administrative hearing followed by judicial appellate review. See, e.g., Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166, 169 (Fla.1974) (due process is satisfied when a party has his `day in court' by virtue of an administrative hearing and the right to appeal to a judicial tribunal). See also Florida Dep't of Agric. and Consumer Servs. v. Bonnano, 568 So.2d 24, 30 (Fla.1990).
We conclude that the challenged statute is constitutional in that it does not violate the access to courts provision of the Florida Constitution and does not violate the guarantees of equal protection or due process. Accordingly, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
ALLEN and WEBSTER, JJ., concur.