DAVIS, J.
Wakulla Commercial Fishermen’s Association, Inc., and Ronald Fred Crum (Appellants), filed an action challenging the constitutional validity of three rules adopted by the Florida Fish and Wildlife Conservation Commission (Appellee). Appellants and Appellee filed separate motions for summary judgment with supporting affidavits. Finding that a rational basis supports the three challenged rules, the trial court denied Appellants’ motion for summary judgment and granted Ap-pellee’s motion for summary judgment. Having considered de novo the record and the arguments, we conclude that summary judgment was properly entered in favor of Appellee, and we affirm.
Summary judgment is proper if no genuine issue of material fact exists and the movant is entitled to a judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Because Appel-lee’s actions are not reviewable under the Administrative Procedures Act, a rule adopted by Appellee is “tantamount to a legislative act.” Airboat Ass’n of Fla., Inc. v. Fla. Game & Fresh Water Fish Comm’n, 498 So.2d 629, 631 (Fla. 3d DCA 1986). Appellee is vested with the exclusive legislative authority to adopt reasonable rules to regulate marine life in this state, and the legislature is constitutionally prohibited from adopting statutes in conflict with such rules. Whitehead v. Rogers, 223 So.2d 330 (Fla.1969); State ex rel. Griffin v. Sullivan, 158 Fla. 870, 30 So.2d 919 (1947); Price v. City of St. Petersburg, 158 Fla. 705, 29 So.2d 753 (1947). Appel-lee’s rules come before the court with a strong presumption of validity and must be upheld if they are rationally or reasonably related to1 a legitimate state interest. This Court has previously determined that the protection of marine resources is a legitimate state interest. State v. Leavins, 599 So.2d 1326, 1336 (Fla. 1st DCA 1992).
The three challenged rules are Florida Administrative Code Rules 68B-4.0081, 68B-4.002, and 68B-39.0047. Respectively, these rules: (1) criminalize the use of nets with meshes which, when stretched, are greater than two inches;- (2) define entangling-nets, which, along with gill nets, are prohibited by Article X, Section 16 of the Florida Constitution, as any net which entangles or ensnares saltwater finfish, shellfish, or other marine animals in the meshes or in the pockets of the net (the only difference between this definition and the constitutional definition being the rule’s addition of the phrase “or in the pockets”); and (3) lists the gear that is allowed to be used for harvesting striped or silver mullet, and proscribes the use of any harvesting gear not included in the list.
Because the challenged rules do not involve a suspect class or a fundamental right, they are reviewed under the ra *10 tional basis test. Under the rational basis test, the validity of the rules must be upheld if “any state of facts may be conceived to justify [them].” McElrath v. Burley, 707 So.2d 836, 839 (Fla. 1st DCA 1998) (quoting Schwarz v. Kogan, 132 F.3d 1387, 1393 (11th Cir.1998)). Whether Ap-pellee chose the best method to protect marine resources is not an appropriate judicial inquiry under the rational basis standard. Haire v. Fla. Dep’t of Agric. & Consumer Servs., 870 So.2d 774, 787 (Fla. 2004). Thus, the only questions before the trial court were: (1) whether there is a rational basis for defining nets with meshes greater than two inches as constitutionally prohibited gill or entangling nets (68B-4.0081), adopting the constitutional definition by rule (68B-4.002), and not allowing such a net to be used in the mullet fishery (68B-39.0047); and (2) whether there is any state of facts to prove that these rules could further the goal of protecting marine resources.
Appellants argue that recent research indicates that nets with two-inch meshes gill a significant number of non-usable juvenile fish, which could lead to eradication of the species, whereas nets with larger meshes gill fewer fish — and the ones which are gilled by the large meshes are older, commercially viable fish. Because two-inch nets kill juvenile fish, Appellants argue that these three rules operate together to violate the Florida Constitution’s ban on gill and entangling nets, which ban exists to “protect saltwater finfish, shellfish, and other marine animals from unnecessary killing, overfishing and waste.” Art. X, § 16(a), Fla. Const.
Appellee, on the other hand, presented expert testimony that the mullet population remains healthy and has actually increased, since the implementation of the two-inch net mesh limitation. This testimony, which was not rebutted, is sufficient to establish a rational basis for Ap-pellee’s adoption of the challenged rules as a means of furthering the goal of protecting marine resources. Because there was an uncontradicted rational basis to support the challenged rules, the trial court properly granted summary judgment in favor of Appellee.
Accordingly, the judgment of the trial court is AFFIRMED.
LEWIS, J., concurs; BROWNING, C.J., dissents with written opinion.