PER CURIAM.
Partnership for Community Health, Inc., appeals a final order of the Florida Department of Children and Families (DCF), appellee, closing an administrative challenge by appellant to the award of a contract to Broward Behavioral Health Coalition, Inc., appellee, to manage certain substance abuse and mental health services in Broward County. Appellant argues that DCF erred in dismissing appel *1193 lant’s protest on the ground that appellant failed to post a bond as required by section 287.042(2)(c), Florida Statutes (2010), and that the statutory requirement of a protest bond is unconstitutional under the due process clause, article I, section 9, and access to justice provision, article I, section 21, of the Florida Constitution. Because the bond requirement is clearly and unambiguously set forth in section 287.042(2)(c) and the record is undisputed that appellant was aware of the bond requirement but chose not to comply with it, we reject appellant’s first argument. As to the due process argument, appellant has no constitutionally protected property interest in a contract which was not awarded to it. See University of South Florida College of Nursing v. Department of Health, 812 So.2d 572 (Fla. 2d DCA 2002); Lakeland Regional Medical Center, Inc. v. Agency for Healthcare Administration, 917 So.2d 1024 (Fla. 1st DCA 2006). As for the argument that the bond requirement runs afoul of the access to justice provision, this constitutional provision only protects rights which existed at common law or by statute prior to the enactment of the Declaration of Rights of the Florida Constitution. McElrath v. Burley, 707 So.2d 836, 839 (Fla. 1st DCA 1998). The right to administratively challenge an award of a contract by a state agency did not exist until the adoption of the Administrative Procedures Act in 1974, after the adoption of the Florida Constitution’s Declaration of Rights. Thus, appellant has not demonstrated the bond requirement violates article I, section 21 of the Florida Constitution. Accordingly, we affirm.
AFFIRMED.
VAN NORTWICK, CLARK, and RAY, JJ., concur.