PER CURIAM.
In this workers’ compensation case, Appellants have filed a petition for certiorari review of an order of the Judge of Compensation Claims (JCC) which denied Claimant’s motion seeking both approval of an hourly attorney’s fee retainer agreement and an evidentiary hearing to build a record to support a constitutional challenge to the attorney’s fee statutes. We find the Claimant is entitled to relief on the denial of an evidentiary hearing, by the reasoning below. As a result, we decline to review the JCC’s decision not to approve the fee agreement, or consider the constitutional arguments associated with such review, as premature.
A JCC’s inability to rule on constitutional issues does not preclude a claimant’s right to build an evidentiary record in preparation for a constitutional challenge. See Anderson Columbia v. Brown, 902 So.2d 838, 841 (Fla. 1st DCA 2005), cited in Punsky v. Clay County Bd. of County Comm’rs, 60 So.3d 1088, 1092 (Fla. 1st DCA 2011). Although, as noted by the JCC, rule 60Q-6.115(4) of the Rules of Procedure for Workers’ Compensation Adjudications states, “[t]he judge shall not hold hearings on motions except in exceptional circumstances and for good cause shown in the motion or response.” Appellants’ challenge to the constitutionality of the fee statutes, particularly because it is an as-applied challenge, presents such circumstances for a hearing here. It is true that JCCs lack jurisdiction over constitutional issues. B & B Steel Erectors v. Burnsed, 591 So.2d 644, 647 (Fla. 1st DCA 1991) (“[W]e note that workers’ compensation judges do not have the power to determine the constitutionality of a portion of the Workers’ Compensation Act, and that such issues may be raised for the first time on appeal, without having been preserved below.”). Even in the context of a workers’ compensation case, however, “the right to call witnesses is one of the most important due process rights of a party.” AT & T Wireless Servs., Inc. v. Castro, 896 So.2d 828, 832 (Fla. 1st DCA 2005). Further, to assist appellate courts in determining the constitutionality of statutes “it oftentimes is preferable to have a record developed in the lower court.” N. Fla. Women’s Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 626 (Fla.2003) (concerning Parental Notice of Abortion Aet); see also State Employees Attorneys Guild v. State, 653 So.2d 487, 489 (Fla. 1st DCA 1995) (“When the constitutionality of a statute is a mixed question of law and fact, involving the existence of valid reasons for the legislation, it is preferable to have a record developed in a lower court before a finder of fact.”). And both the Florida Supreme Court and this court have rejected constitutional arguments for lack of evidence. See Cox v. Fla. Dep’t of Health & Rehabilitative Servs., 656 So.2d 902 (Fla.1995) (remanding case on ground eviden-tiary record was insufficient to support Second District’s holding that equal protection rights were not violated by statute precluding petitioner from adopting child because petitioner was gay); Khoury v. Carvel Homes S., Inc., 403 So.2d 1043, 1046 (Fla. 1st DCA 1981) (holding workers’ compensation claimant failed to prove statute requiring JCC’s approval for payment of attorney’s fees was inadequate to achieve legitimate state interest in protecting workers).
*1268 For these reasons, we conclude the JCC departed from the essential requirements of law, and caused irreparable harm, by denying Claimant’s motion for an eviden-tiary hearing. Cf. Sylvia H. Walbolt & Leah A. Sevi, The “Essential Requirements of the Law”—When Are They Violated?, The Florida Bar Journal 21-26 (March 2011) (suggesting constitutional considerations be included in defining “essential requirements of law” for purposes of certiorari review); Philip J. Padovano, Florida Appellate Practice § 29:5, at 734-35 (2011 ed.) (“This standard [whether the order on review is a departure from the essential requirements of law] focuses not only on the alleged error, but also on the seriousness of the error”).
PETITION GRANTED and ORDER QUASHED in part, as to the ruling denying the evidentiary hearing.
WOLF, PADOVANO, and LEWIS, JJ., concur.